**SMITH et al. v. KIDD.   (No. 1732.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1921. Rehearing Denied March 16, 1921.)

1. **Appeal and error ⊜⇒743(1)—Assignment failing to refer specifically to motion for new trial not considered.**

An assignment of error which violates Rules for the Courts of Civil Appeals, Nos. 24, 25, and 31 (142 S. W. xii, xiii), in reference to briefing, on account of lack of reference anywhere in the assignment, or in the proposition and statement thereunder, to the portion of the motion for new trial in which the error is complained of, will not be considered.

2. **Courts ⊜⇒120—District court had jurisdiction to try injunction suit wherein accrued damages of $500 alleged.**

The recovery of damages already sustained through defendants' diversion of waters and discharging them on plaintiff's lands being incidental and the main purpose of plaintiff's suit being for an injunction, the amount of the damages alleged by plaintiff, $500, should not control the question of jurisdiction, and the district court has jurisdiction to try the case;

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

such case not being within the exclusive jurisdiction of the county court on account of the amount alleged.

Appeal from District Court, Dickens County; J. H. Milam, Judge.

Suit by C. N. Kidd against W. P. T. Smith and others. From judgment for plaintiff, defendants appeal. Affirmed.

James L. Wohlford, of Jayton, and J. Webb Stollenwerck, of Hillsboro, for appellants.

W. D. Wilson, of Spur, and Jas. P. Stinson, of Abilene, for appellee.

BOYCE, J. This is a suit for injunction and damages, brought by appellee, C. N. Kidd, against W. P. T. Smith and others, appellants. The plaintiff alleged: That the plaintiff and defendants owned adjoining tracts of land; that a certain water course, called Dockum creek, ran from north to south, across the land of the defendants, which land was situated to the west of the plaintiff's land; that the defendants obstructed the channel of said creek near the place of its entrance on the defendants' land and had dug a ditch from a point above such obstruction so as to cause the flood waters coming down said water course to be diverted therefrom and to be discharged and flow over the lands of the plaintiff; that the plaintiff had his home on said land and had a portion thereof in cultivation, having erected improvements thereon, for the purpose of occupying and using the said lands as a home and farm, such improvements being of the value of $2,000; that the waters so diverted from Dockum creek spread out over plaintiff's land, washing away the soil of his farm land, surrounding his house and barn, and standing in pools in and around his premises for months after each freshet, causing great damage to the plaintiff's land and the health of himself and family; that the plaintiff had already sustained damages in the sum of $500 and that the damages would be continual and progressive, "and that such injuries and damages will be irreparable and incapable of ascertainment unless the defendants are restrained by the court from placing any further obstructions in said creek and deepening the said ditch and unless the said defendants shall be further commanded and required by the court to remove the obstructions from said creek." The prayer is that the defendants be restrained from further obstructing the flow of waters in said creek and from maintaining the said ditch and for a mandatory injunction, requiring the defendants to remove all obstructions placed by them in the creek and fill up the ditch dug by them and that plaintiff have judgment for his said damages, etc. The trial was before a jury, and on the verdict judgment was entered granting the mandatory and restraining injunction as prayed for and awarding damages in the sum of $30.

[1] The first assignment violates rules 24, 25, and 31 for the Courts of Civil Appeals (142 S. W. xii, xiii), in reference to briefing, and will not be considered. There is no reference anywhere in the assignment or in the proposition and statement thereunder to "that portion of the motion for new trial in which the error is complained of." It is not even stated that the point was raised in the motion for new trial, and the appellee asserts that the assignment is not a substantial reproduction of any point made in said motion. There is no statement of such facts and other proceedings as should be made in connection with the presentation of the assignment.

[2] The principal contention urged on the appeal, that it appears from plaintiff's petition that the district court was without jurisdiction to try said cause, is presented by the second assignment and should be considered as being fundamental whatever objections might otherwise be properly urged to its consideration. It is contended that the amount in controversy is the damages alleged by plaintiff, and since these are stated to be exactly $500, the county court alone had jurisdiction of the case. The main purpose of the suit was relief by injunction that would require the defendants to remove the obstruction which they had placed in the channel of Dockum creek, and fill up the ditch which they had opened from it. The real controversy was as to the right of the defendants to divert the waters flowing down Dockum creek, and discharge them on the lands of the plaintiff. It appears that it would be a difficult matter to fix a money value on this bone of contention. The plaintiff did not attempt to do so, but, as we have seen, stated that the damages that would be suffered by him would be "continuous, progressive, irreparable, and incapable of ascertainment." These allegations would, under the present provisions of the Constitution, have brought the case within the jurisdiction of the district court, unless the prayer for recovery of the $500 damages already sustained would fix the amount in controversy and bring the case within the exclusive jurisdiction of the county court. Cotton v. Rea, 106 Tex. 220, 163 S. W. 4 (4); Thorne v. Moore, 101 Tex. 205, 105 S. W. 985; Dean v. State, 88 Tex. 290, 30 S. W. 1047; modified in 31 S. W. 185; Callaghan v. Tobin, 40 Tex. Civ. App. 441, 90 S. W. 333; Jones v. Dodd, 192 S. W. 1137; Acme Cement & Plaster Co. v. American Cement Plaster Co., 167 S. W. 183; Young v. Dudney, 141 S. W. 119. Since the recovery of the damages already sustained was incidental to the main purpose of the suit, as stated, we do not think it should control the question of jurisdiction. Cleaver v. Duke,

58 S. W. 145. The two cases relied on by appellants to support their contention, Day v. Mercer, 175 S. W. 764 and Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389, were decided by the same court (Court of Civil Appeals for the Second District) that decided the case of Cleaver v. Duke, supra. If there is any distinction between the cases of Cleaver v. Duke and Day v. Mercer, it is in the fact that in the first case it was said that the damages were sought as incidental to the injunctive relief, while in the latter case the injunction was held to be incidental to the recovery of the damages. It does not appear from the opinion in the case of Lazarus v. Swafford whether the pleading stated the value of the cattle that were taken by the tax collector for sale for taxes, the suit being to enjoin such sale. The opinion seems to proceed on the theory that the amount in controversy should be determined by the amount of the claim under which the cattle were taken. So it may not be said whether this decision is reconcilable with the decision in the case of Cotton v. Rea, supra. In that case, Cotton v. Rea, the suit was brought in the district court to enjoin the sale of exempt property levied upon by execution issued out of the county court on a judgment for $51, the value of the property levied on not being alleged, and it was held that since no allegation of such value was made it could not be said that the district court was without jurisdiction. The court, however, left open the question as to the "right to maintain such a suit in [the district] court if subsequent pleading should disclose that the value of the property involved was an amount within the jurisdiction of the county court." In the case of Johnson v. Hanscom, 90 Tex. 321, 37 S. W. 601, 38 S. W. 761; State v. Same, 37 S. W. 453, the suit was brought in the district court by the plaintiff for a mandamus to compel the county judge of Galveston county to execute and deliver to the relator a warrant for the sum of $203.40. The Court of Civil Appeals affirmed a judgment for the defendant, and the Supreme Court dismissed the application for writ of error, because the "proceeding might have been properly instituted in the county court"; the court being of the opinion that—

"By virtue of the amendment [to section 16, art. 5, of the Constitution] the county court has power to issue the writ in any case where a mere moneyed demand is involved, and the amount of that demand exceeds $200 and does not exceed $1,000, exclusive of interest."

The Court of Civil Appeals for the Fourth District construes this action of the Supreme Court as holding in effect that the district court, as well as the county court, would have jurisdiction in such case. Callaghan v. Tobin, 40 Tex. Civ. App. 441, 90 S. W. 333.

We do not think, however, that this is the conclusion necessarily to be drawn from this action of the Supreme Court. T. & P. Ry. Co. v. Butler, 102 Tex. 322, 116 S. W. 360. The Supreme Court dismissed the application for writ of error in the case of Cleaver v. Duke, supra, 93 Tex. 657, which would seem to indicate that the said court was of the opinion that said case might have been properly brought in the county court. We have some difficulty in reconciling this conclusion with the decision of the Supreme Court in the later case of Cotton v. Rea. Whatever may be the correct rule as to jurisdiction in those cases where the claim sought to be enforced by the process of injunction or mandamus, is in the nature of a moneyed demand for a certain amount, and stated in the pleading, we think the decisions of the Supreme Court clearly support the conclusion that where the right which is sought to be enforced through the restraining and mandatory injunction of the court is one that may not be properly measured in dollars and cents, the district court would have jurisdiction.

We think the petition brings this case within this rule, and therefore affirm the judgment of the district court.