## MEBANE COTTON BREEDING ASS'N v. SIDES. (No. 2270.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1923. Rehearing Denied Jan. 9, 1924.)

1. Courts ⬧170—Jurisdiction of county court not shown by allegation of damages, where cause of action is to enforce contract.

Jurisdiction of the county court, which, under Const. art. 5, § 16, does not obtain unless the matter in controversy is between $200 and $1,000 in value, is not shown by allegation of $900 damages, where the cause of action, as stated in the petition, is for specific performance of a contract, with prayer for the aid of ancillary writ of injunction.

2. Appeal and error ⬧20—Where trial court was without jurisdiction, appellate court cannot entertain motion relative to injunction pending appeal.

In view of the lack of jurisdiction of the county court to adjudicate the cause of action set out in the petition, and the consequent lack of jurisdiction of the appellate court to determine on appeal the questions presented by appeal from its judgment against plaintiff on the merits, the appellate court has no jurisdiction to entertain a motion as to injunction pending appeal.

Appeal from Lubbock County Court; P. F. Brown, Judge.

Action by the Mebane Cotton Breeding Association against J. B. Sides. Pending appeal from judgment against plaintiff on the merits, it makes a motion in the Court of Civil Appeals relative to injunction. Motion overruled.

Spencer & Randal, of Lubbock, for relator.
Bean & Klett, of Lubbock, for respondent.

RANDOLPH, J. This is a motion by appellant to have appellee appear and show cause for his alleged violation of an injunction issued out of the county court of Lubbock county, and in the alternative for an injunction to issue from this court, restraining the appellee from the commission of certain acts complained of, which are represented as a violation of the injunction. Appellee has filed his answer, and raises several questions in his defense, among them one questioning

the jurisdiction of the county court to try and determine the original suit filed by appellant. If the county court did not have jurisdiction in the original suit, the issuance of the writ of injunction was erroneous, and necessarily this court would have no jurisdiction of the matter now brought before us.

[1] Plaintiff's petition in the original suit pleaded a contract between it and defendant, the violation of that contract, and prayed for judgment requiring the defendant to specifically perform said contract. The contract was one wherein the plaintiff sold the defendant certain cotton seed, and in return the defendant agreed to have the seed ginned at a certain gin, and to sell all of his seed to the plaintiff for a stipulated sum per bushel. The plaintiff also alleged that, unless the defendant is restrained, it will be damaged in the sum of $900 but did not pray for any judgment for such damages. Plaintiff also prayed for a writ of injunction to issue to compel the defendant to perform his contract. On hearing on the merits the trial court dissolved the injunction and rendered judgment against the plaintiff on the merits. An appeal was taken from that judgment to this court which is now pending, but not yet submitted.

Section 16, art. 5, of the Constitution of Texas provides that:

"The county court all have original jurisdiction of * * * all civil cases when the matter in controversy shall exceed in value $200, and not exceed $500, exclusive of interest, and concurrent jurisdiction with the district court when the matter in controversy shall exceed $500, and not exceed $1,000, exclusive of interest. * * * Power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court."

And section 8, art. 5, grants to the district courts "power to issue writs of habeas corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their jurisdiction," and further provides that such district courts "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law."

The plaintiff's cause of action as stated is a suit for specific performance of a contract, with prayer for the aid of the ancillary writ of injunction. There is no value of the property involved in the contract alleged, but plaintiff does allege its damage at $900, and claims that allegation as fixing the jurisdiction of the court. We cannot so hold. The jurisdiction of the county court of Lubbock is invoked to enforce a contract, not to recover damages; there is no prayer for judgment for damages by reason of any breach, only that defendant be compelled to comply with his contract, with prayer for injunction and for general relief.

We cannot concede that the county court would be given jurisdiction or power to determine the plaintiff's right to enforce a contract that might involve thousands of dollars' worth of property, simply on the allegation that it has been damaged or may be damaged in an amount within the jurisdiction of that court. In our opinion the subject-matter of this suit is the enforcement of the defendant's contract with plaintiff relative to the sale of the cotton seed, and, as a jurisdictional fact, an allegation that plaintiff has been damaged or will be damaged in an amount within the jurisdiction of the county court does not determine what constitutes the cause of action.

In the case of De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882, the appellee brought suit in the county court of De Witt county, against Dluglosch as road overseer to enjoin him from opening up a road over appellee's land. De Witt county intervened and set up its defenses to the action. Plaintiff, in his petition in that case, averred that if Dluglosch is not restrained from so entering upon his (petitioner's) land that "great and irreparable injury will be inflicted upon him, and that in addition he will be subjected to actual damages, which he cannot recover by reason of the character in which the said Dluglosch proposes to act, and by reason of the fact that the said Dluglosch, he is informed and believes, is insolvent." Upon this statement of the pleadings the Supreme Court held:

"In the cases of Dean v. State, 88 Tex. 296, 30 S. W. 1047, 31 S. W. 185, and Johnson v. Hanscom, 90 Tex. 321, 38 S. W. 761, this court held that the power of the county court to issue writs of mandamus under the section of the Constitution above quoted was limited to cases exceeding $200 and not exceeding $1,000. The same rule is applicable to writs of injunction, which can only be issued by the county courts where the matter in controversy exceeds $200 and does not exceed $1,000. * * * In this case no value of the subject of the suit is alleged; therefore the application for the writ of injunction does not bring the case within the terms of the Constitution, and the county court had no jurisdiction to issue the writ of injunction upon the facts stated."

This ruling is followed in the case of Johnson v. Clemmons (Tex. Civ. App.) 158 S. W. 797. In the case of Poe v. Ferguson (Tex. Civ. App.) 168 S. W. 460, the plaintiff insisted that the amount named as damages was the amount in controversy. In the last-named case it was charged that the defendant had forcibly entered upon certain land of plaintiff, ordering him to cease the use and enjoyment of the property; that there were about 50 acres of standing timber on the land, of the value of $750; that the de-

fendant had commenced cutting down the timber, to the plaintiff's damage $25, and was threatening to continue cutting down the same, and if defendant was not restrained he (plaintiff) would suffer irreparable damage, etc. The Fort Worth Court of Civil Appeals, upon this pleading, held the county court to be without jurisdiction to issue the writ, refusing to hold that the amount named as damages constituted the amount in controversy, and further held that the district court had jurisdiction under the general original jurisdiction given to it by the Constitution.

In the last-named case it is clear the subject-matter of the suit was the possession of the land in controversy. In this case the enforcement of the contract, as prayed for in the petition, is the subject-matter of this suit. In the case of Smith et al. v. Kidd, 228 S. W. 348, Judge Boyce, speaking for this court, laid down the rule which we think is decisive of the question of jurisdiction of the county and district courts in cases such as the case at bar. He said:

"The main purpose of the suit was relief by injunction that would require the defendants to remove the obstruction which they had placed in the channel of Dockum creek and fill up the ditch which they had opened from it. The real controversy was as to the right of defendants to divert the waters flowing down Dockum creek, and discharge them upon the lands of the plaintiff. It appears that it would be a difficult matter to fix a money value on this bone of contention. The plaintiff did not attempt to do so, but, as we have seen, stated that the damages that would be suffered by him would be 'continuous, progressive, irreparable, and incapable of ascertainment.' These allegations would, under the present provisions of the Constitution, have brought the case within the [exclusive] jurisdiction of the district court, unless the prayer for recovery of the $500 damages already sustained would fix the amount in controversy and bring the case within the exclusive jurisdiction of the county court. * * * Since the recovery of the damages already sustained was incidental to the main purpose of the suit, as stated, we do not think it should control the question of jurisdiction."

The Supreme Court denied a writ of error in this last-named case. 240 S. W. xxi.

[2] It is clear from the pleadings in this case that the cause of action was the enforcement of the contract between the parties to this case, and in view of the lack of jurisdiction in the county court of Lubbock county to adjudicate the cause of action set out in plaintiff's petition, and of the consequent lack of jurisdiction in this court to determine on appeal the questions presented by the appeal, we overrule both grounds of appellant's motion, and release the defendant from his attendance upon this court as to said motion.