## BERKMAN et al. v. LEVY.

No. 2079.

Court of Civil Appeals of Texas. Waco.

April 27, 1939.

Rehearing Denied June 8, 1939.

W. L. Eason, of Waco, for appellants.

Naman, Howell & Boswell, of Waco, for appellee.

GEORGE, Justice.

This is a suit for specific performance of a contract instituted in the 54th Judicial District Court of McLennan county, Texas, by Lester L. Levy against Jake Berkman and Harry A. Wood. Trial was before the court and jury and on answers of the jury to special issues, judgment was rendered in favor of Levy. Hence this appeal by Berkman and Wood.

Appellants in their 3rd, 4th, 5th, 6th, 7th and 8th propositions assert that the trial court was without jurisdiction in this cause because appellee's petition does not, allege a cause of action within the jurisdiction of the district court. Levy alleged that he was well acquainted with ice machinery and the construction of an ice factory and that Berkman and Wood proposed to him that if he would assist them in laying out the plans for an ice factory in the city of Waco and in the assembling of the equipment therefor and give them the benefit of his advice and counsel in respect to these matters, they would sell and transfer to him one-third of their shares of the capital stock in the corporation to be organized in consideration of the payment by him to them of the par value of such shares, or $666.66; that the corporation had been organized with a capital stock of $3,000; that Berkman and Wood had received or were entitled to receive from the corporation shares of the capital stock aggregating the par value of $2,000; that he had tendered to Berkman and Wood $666.66 but that they had, in breach of their contract, on or about May 1, 1935, refused to accept said money and deliver to him said capital stock; that the stock was closely held and was not commonly bought and sold on the market and had no market value; that its value was not fixed and could not be readily ascertained; that the stock could not be obtained otherwise; that the stock will have a future value far beyond its present value, but that such prospective value cannot be easily ascertained and determined, and that therefore plaintiff had no adequate remedy at law and was entitled to specific performance; and in his prayer tendered into court the sum of $666.66 and prayed that upon hearing thereof he have judgment for specific performance of said contract, and that Berkman and Wood be required by the decree of the court to accept said sum and to issue or cause to be issued to him a certificate or certificates of stock in said corporation evidencing the ownership in him of capital stock in said corporation of the par value of $666.66, etc.

It is provided by Article 5, sec. 8 of the Constitution, Vernon's Ann.St., that the "District Court shall have original jurisdiction * * * of all suits, complaints or pleas whatever, * * * when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest * * * and shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution, and such other jurisdiction, original and appellate, as may be provided by law." Jurisdiction is the power to hear and determine the matter

in controversy according to established rules of law, and carry the sentence or judgment of the court into execution. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, par. 9. The test of jurisdiction is whether the court had power to enter upon the inquiry. Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Yount v. Fagin, Tex.Civ.App., 244 S.W. 1036. The pleadings determine the thing or the amount in controversy. And the question whether a particular suit is, as to the amount in controversy, within the jurisdiction of the court in which it is filed, is determined by the averments in the petition insofar as they state facts in relation to the thing in controversy; and this is true, regardless of the truth of the allegations, unless it is made to appear by pleading and proof that the allegations as to jurisdiction were fraudulently made. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844; Dwyer v. Bassett & Bassett, 63 Tex. 274; Booth v. Texas Employers' Ins. Association, Tex. Com.App., 123. S.W.2d 322, par. 9; Johnson v. Universal Life & Accident Ins. Co., 127 Tex. 435, 94 S.W.2d 1145.

■ ■ The corporation had been in existence about two years at the time of filing suit. The stockholders had paid in cash par for the capital stock. Its stock was not on the market and none was being offered for sale at any price. Levy had agreed and was willing at the time of filing suit and at the time of trial to pay for the stock its par value. He alleged in his petition tender into court of the sum of $666.66, and further alleged that amount to be the par value of the stock sought to be recovered by him. This constituted an allegation that the minimum amount in controversy was $666.66 as effectively as if he had said the value of the stock was $666.66. The petition calls upon the court to decide, after hearing and consideration, that Berkman and Wood are obligated under their contract with Levy to accept the sum of $666.66, and in consideration therefor issue or cause to be issued to him a certificate or certificates of stock evidencing the ownership in him of capital stock of the par value of $666.66. The attack was by general demurrer and not by special exception, and we are of the opinion that in view of the presumptions that prevail in favor of the petition when attacked only by general demurrer that the petition herein was sufficient to confer jurisdiction on the court. Furthermore, if the allegations of Levy's pleadings do not fix the amount in controversy in at least the sum of $666.66, then they are not such as to bring the cause within the original jurisdiction of any court other than the district court, and since it is apparent that they are sufficient to invoke equitable relief, the cause is within the jurisdiction of the district court under the general provision of Article 5, sec. 8 of the Constitution. Cotton v. Rea, 106 Tex. 220, 163 S.W. 2; Gamel v. Smith, 3 Tex.Civ.App. 22, 21 S.W. 628; Wilson v. Beaty, Tex.Civ.App., 211 S.W. 524; Mebane Cotton Breeding Association v. Sides, Tex.Civ.App., 257 S.W. 302; Poe v. Ferguson, Tex.Civ.App., 168 S.W. 459; Smith v. Kidd, Tex.Civ. App., 228 S.W. 348, writ denied. The petition alleges a joint and several cause of action against Berkman and Wood and joint and several relief against them is asked in the prayer.

■ Appellants say that the trial court erred in overruling their general demurrer because appellee's petition failed to allege that he accepted the proposition made by them to him. Appellee did not say in his pleading that he accepted the proposition of Berkman and Wood, but did allege that he, in pursuance of said agreement with Berkman and Wood, had expended his time and efforts in the respects aforesaid in connection with the building of said factory and the installing of the machinery and had at all times since said agreement been ready, able and willing to pay said sum for said stock certificates and that he had tendered to Berkman and Wood said sum of $666.66. This language, fairly construed, amounts to an allegation of facts showing acceptance and performance after acceptance. 10 Tex.Jur. par. 21, p. 41.

■ Appellants contend that the uncontradicted evidence shows that the proposition made by them to appellee to sell and transfer to him a part of their stock was withdrawn by them before it was accepted by him. Mr. Levy testified that Mr. Berkman said, "why should you worry about the money as long as I am willing to put the money up, and all you got to do is just come along with us? That is all you have got to do. If you will come and help get this thing started and help get this plant up and built and in operation, that is all you have got to worry about. * * * Anyway Mr. Berkman insisted and kept insisting, so I said, 'all right.'" Mr. Levy further testified that they immediately

thereafter contacted Mr. Jones, an engineer, and brought him into the picture and that they, Jones, Berkman, Wood and Levy, decided to incorporate and then went to Judge Eason's office and discussed incorporating and that at that time the charter was drafted; that they after that went to Fort Worth and Dallas and purchased the necessary machinery to equip an ice plant in Waco; that they purchased part of the machinery from Baker Ice Machinery Company of Fort Worth partly on time and partly for cash; that Mr. Jones personally obligated himself on the corporation's note to the amount of $900, and that Wood, Berkman and Levy each personally obligated himself to the amount of $600 on said note; that he assisted in the selection of the site for the business in Waco; that he met Berkman and Wood on some fifty different occasions in the futherance of the project; that he offered to pay Berkman and Wood for the stock; that it was some time after the completion of the plant and in the early part of 1935 before he was informed by Mr. Wood that Mr. Berkman did not consider him as being interested in the plant in Waco. The evidence shows not only a verbal acceptance of the proposition of Berkman and Wood by Levy and notice thereof to them, but a performance of the contract on the part of Levy by a full compliance with its terms with the one exception of payment for stock, which part of the contract was rendered impossible of performance by the refusal of Berkman and Wood to accept the $666.66. His testimony is to the effect that he told them he would go in with them on the terms offered and that he immediately thereafter proceeded to do each and every act required of him under the contract in return for which Berkman and Wood promised to sell and convey to him capital stock in the corporation of the par value of $666.66. That testimony is partly corroborated by the testimony of Berkman and Wood and the acts of the parties at the time.

 Appellants insist that since the contract required personal service on the part of appellee, there was no mutuality of the remedy, and for that reason, the contract could not be specifically enforced. The evidence supports the findings that Levy had fully performed the personal services required of him under the contract and had offered to pay the par value of the stock before the filing of suit. He tendered into court at the commencement of the trial the $666.66. It is necessary that the distinction between non-mutuality of obligation and non-mutuality of remedy be recognized and applied in order to arrive at a correct decision of the question presented. Mutuality of obligation must exist when the contract is concluded. If it lack this element ab initio, no subsequent act of the party who seeks to enforce it can obviate the obligation and render the contract capable of specific performance. But mutuality of remedy need not have existed prior to the rendition of judgment. Melton v. Stuart, 213 Ala. 574, 105 So. 659. Mutuality of remedy was present in this case at the time of trial, because the trial court had full power to protect each party by its judgment and the facts support the court's determination that the only way it could directly, efficiently and equitably adjust the rights of the parties was to grant specific performance.

 Appellants further contend that since there was no finding of the jury to the effect that the stock had no market value, there was no basis for a decree of specific performance. The pertinent evidence is that no one could take any amount of money and go out and buy the stock on the market; that there was not any way to determine the then value of the stock; that the stock might be worth fifty cents a share in five years and that it might be worth $900 a share; that its value depended upon the future operations of the business, and that there was no way of determining what its value was based upon the future operations of the plant. The value of the stock under the pleadings and the evidence was not in issue in the case, because no damages were sought for breach of contract, and the pleadings and evidence authorized the granting of only the remedy of specific performance. Amsler v. Cavitt, Tex.Civ.App., 210 S.W. 766.

The other assignments and propositions presented have been carefully examined and found not to show any reversible error.

The judgment of the trial court is affirmed.