**RHODESSA DEVELOPMENT COMPANY, Appellant,**

v.

**J.M. SIMPSON, Appellee.**

No. 08–82–00363–CV.

Court of Appeals of Texas, El Paso.

Aug. 31, 1983.

---

J. Albert Kroemer, Dallas, for appellant.

Jimmie D. Oglesby, R. Mike Borland, Midland, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

When a real estate sales contract was not consummated because the land was not re-zoned, the seller obtained a judgment for recovery of the purchaser's earnest money deposit based upon the purchaser's failure to use due and reasonable diligence to obtain a zoning change. We affirm.

J.M. Simpson and Rhodessa Development Company entered into an earnest money contract whereby Simpson was to sell Rhodessa 15.91 acres of land within the City of Midland. Rhodessa deposited $20,000.00 as earnest money with Lone Star Abstract and Title Company. The contract provided that if Buyer failed to comply with the agreement to purchase the described land, Seller could terminate the contract and receive the earnest money as liquidated damages. Paragraph 11b of the special provisions of the contract provides:

Contract contingent on Buyer obtaining zone change to Planned District by Jan. 15, 1982.

Rhodessa hired engineers and land planners to develop a proposal for submission to the Planning and Zoning Commission. Rhodessa consulted with their local counsel and were advised that the plans were not likely to be accepted by the commission, and they did not submit the plans to the Planning and Zoning Commission and never requested a zoning change. After the deadline expired, they filed suit to recover their earnest money. Lone Star deposited the money into the court and was dismissed as a party. The trial court awarded the earnest money to the seller. In its Findings of Fact and Conclusions of Law, the trial court concluded that Rhodessa failed to use due and reasonable diligence in the performance of its obligation to seek a zoning change pursuant to the contract between the parties and that Simpson was entitled to recover the earnest money as liquidated damages for the breach of contract.

Rhodessa contends in two points of error that the contract did not create an obligation on its part to use due and reasonable diligence to obtain a zoning change, that the evidence was insufficient to support a finding that it failed to use due and reasonable diligence and that such finding is against the great weight and preponderance of the evidence. Neither side has cited a case involving the duty to use diligence in seeking a zoning change where the sales contract is subject to such a condition. See: Annotation—Effect of provision in real-estate option or land sale contract making the contract subject to zoning or rezoning of the property, 76 A.L.R.2d 1195 (1961).

The Appellant relies upon that line of cases which hold that where there is a condition precedent in the sales contract there is no breach of duty to purchase if the condition has not been satisfied. In *Berman v. Rife*, 644 S.W.2d 574 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.), a real estate contract was conditioned upon the buyer obtaining a loan for a specified amount at a specified rate of interest from a "third party." When such loan could not be obtained, the sellers offered to finance the property on the terms specified in the contract. The court held the condition precedent had not been met and the clause which protected the buyer had not been fulfilled by a conventional loan from a

"third party" who had to be someone not a party to the sales contract. The court ordered the earnest money returned to the purchasers. Also see: *Knox v. Townes,* 470 S.W.2d 290 (Tex.Civ.App.—Waco 1971, no writ); *Bauld v. Doyle,* 445 S.W.2d 616 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *Pena v. Security Title Co.,* 267 S.W.2d 847 (Tex.Civ.App.—San Antonio 1954, no writ).

The Appellee relies upon that line of cases which hold that where a sales contract is subject to the buyer obtaining necessary financing there is an implied obligation upon the buyer to diligently attempt to secure such financing. In *Nelson v. Jenkins,* 214 S.W.2d 140 (Tex.Civ.App.—El Paso 1948, writ ref'd), this Court held that a real estate sales contract which provided the "contract is contingent upon the completion of a G.I. loan now pending" did not make the contract void for lack of mutuality. The Court said, "[a]ppellee by necessary implication promised to pursue the pending application for the loan diligently * * *." Also see: *McDaniel v. Kudlik,* 598 S.W.2d 350 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Willeford v. Walker,* 499 S.W.2d 190 (Tex.Civ.App.—Corpus Christi 1973, no writ).

In *Giba v. Bastian,* 246 Md. 508, 229 A.2d 93 (Md.App.1967), the court had before it a sales contract which provided that the purchaser agreed to file for rezoning within sixty days and to take all reasonable steps to secure a decision from the Zoning Commission. The contract also provided that it would be null and void if the required zoning could not be obtained. This contract involved one of four properties which had to be rezoned in order for the purchaser to be able to build an apartment house, and it was subject to rezoning of all four properties. After several attorneys informed the purchaser that the zoning change would probably be denied, the purchasers never filed a petition for rezoning and obtained an agreement of the owners of the other properties to rescind their contracts. The owners, the Bastians, sued to recover damages. The court said:

If the Bastian contract had been the only contract involved, it may be assumed that the failure of Melnick to apply for rezoning, as he had agreed to do, would have been a breach of that contract entitling the Bastians to recover damages. Of course, that case involved an express provision to seek a zoning change. But, the court went on to hold that Melnick in good faith obtained reliable evidence that the zoning change could not be obtained and that each of the other owners in good faith accepted the expert's conclusion. Thus, recovery was denied since the Bastian contract was contingent upon all four tracts being rezoned.

In *Battistelli v. Corso,* 304 A.2d 676 (Conn.Super.Ct., 1973), the parties signed a "Memorandum Receipt" so as to effectuate a sale by the plaintiff of certain premises to a practicing physician, the defendant, who desired to purchase the property provided it could be zoned for medical offices. The terms and conditions of the agreement provided "[o]btaining zoning approval for construction of medical building on site." The court said:

> The "Memorandum Receipt" provided that the sale was contingent upon the obtaining of a zoning approval for construction of a medical building on the site. There is no question that this was to be done by the defendant.

The court held:

> Certainly there was an implied promise that the defendant would make an application for a zone change within a reasonable time.

We conclude that Rhodessa's contract, which contained a condition precedent and was subject to a zoning change, must be construed to place an implied obligation upon the buyer to use due diligence to obtain such zoning change. Otherwise, the buyer has the added option to sit idly by if it determines that the contract is not advantageous and, when the zoning never occurs, consider the contract terminated without suffering any damages. Zoning changes do not occur automatically. They require action upon the part of the property

owner or some interested party. Obviously, in this case, it is the prospective purchaser who has studied the site and developed plans for use of this particular land. That party is both better able and more interested in seeing the zoning change occur. That party has invested capital in developing a land development scheme. That party should bear the burden of seeking a zoning change. Certainly such obligation is consistent with the contract which says it is contingent on *Buyer* obtaining a zoning change.

We conclude that when Rhodessa contracted to buy the 15.91 acres of land and made its purchase subject to a zoning change, there was an implied obligation to use due diligence in attempting to secure such change.

■ We also conclude that where no proposal for a zone change was ever filed with the Planning and Zoning Commission Rhodessa did not exercise due diligence. Having examined the entire record as we must do, the evidence is sufficient to support the trial court's finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952). Points of Error Nos. One and Two are overruled.

The judgment of the trial court is affirmed.