Sam CULBERTSON, Individually and as Independent Executor and Trustee under the Will of Jerry Monroe Culbertson, Deceased, and Culbertson Enterprises, Inc., Appellants,

v.

Frederick BRODSKY, Appellee.

No. 2–89–080–CV.

Court of Appeals of Texas, Fort Worth.

March 27, 1990.

Rehearing Overruled May 1, 1990.

See also, 775 S.W.2d 451.

Fielding, Barrett, Hunter & Taylor and Tim G. Sralla, Fort Worth, for Sam Culbertson.

Larry Parnass, Irving, for Culbertson Enterprises, Inc.

Mankoff, Hill, Held & Goldburg, P.C., and Andrew F. Emerson, Dallas, for Frederick Brodsky.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION

FARRIS, Justice.

Appellants (Culbertson), vendors in a real estate contract, complain of a judgment for specific performance in favor of the purchaser, Brodsky, contending, in part, that the contract was not supported by consideration. We reverse the judgment of the trial court and render judgment for Culbertson because the trial court granted specific performance of an option to purchase which was not supported by consideration from the purchaser.

Brodsky's suit was based upon a written real estate contract of sale which provided that Brodsky would deliver to Southwest Land Title Company his check in the

amount of $5,000 earnest money. The contract required the title company to hold the check in escrow until the expiration of a sixty-day feasibility period. During the sixty-day period, Brodsky could conduct a feasibility and engineering study of the property, enter the property to conduct any inspections or tests, and if the property was unacceptable to him, then he in his sole discretion could terminate the agreement and demand return of the earnest money with neither party having any continuing obligation to the other.

■ In his first five points of error, Culbertson complains that there is no consideration for the option to purchase because the contract gave Brodsky a "free look" at the property while obligating Culbertson. In response, Brodsky argues that an implied obligation of good faith on his part was sufficient consideration for the exclusive right to purchase the property and also that his delivery of the check for $5,000 to the escrow agent was a forbearance which was consideration. We agree with Culbertson that the option lacked consideration, reject the arguments brought forward by Brodsky, and reverse the judgment of the trial court.

■ Specific performance is an appropriate remedy for breach of contract only if the contract materially obligates both parties from the date of agreement and performance or waiver after the date of agreement by the party seeking specific performance will not overcome a lack of mutuality of obligation. *See Burkman v. Levy,* 129 S.W.2d 397, 400 (Tex.Civ.App.—Waco 1939, writ dism'd), *see also Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454 (1943).

■ An option contract requires consideration for both the option and the underlying contract, and unless consideration is paid for the option, it is revocable during its term. *Hott v. Pearcy/Christon, Inc.,* 663 S.W.2d 851, 853 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Brodsky's check for $5,000 was not consideration for the option because the title company was forbidden to cash the check until the expiration of the option. During the option period, the check would have to be returned to Brodsky upon his demand despite any objections by Culbertson. We reject Brodsky's argument that by delivering the check to the title company, he had to forbear the use of the $5,000 it represented. Because the title company could not cash the check, that sum remained on deposit to Brodsky's account and since the check had to be returned to Brodsky on demand, he was free to put the money to any other use. Brodsky contends that he had to maintain the $5,000 on account, however, Brodsky was not required to deposit funds to cover the check until he decided to exercise the option.

Brodsky also argues that the requirement he give notice of his intent to terminate the contract in some way constituted good consideration for the option. We reject this argument because the notice would serve only to notify Culbertson that Brodsky was no longer interested in purchasing the property and was demanding from the escrow agent the return of his check.

We reject Brodsky's good faith argument supported by his citation of *Black Lake Pipe Line Co. v. Union Construction Co.,* 538 S.W.2d 80 (Tex.1976), *overruled,* 767 S.W.2d 686 (Tex.1989) and *Rhodessa Dev. Co. v. Simpson,* 658 S.W.2d 218 (Tex.App.—El Paso 1983, no writ). The cited authorities can be distinguished. Although a promise conditioned on personal satisfaction can form the basis of an enforceable contract under proper conditions such as the construction contract in *Black Lake,* 538 S.W.2d at 88, the contract in the present case allowed Brodsky, in his sole discretion, to decide whether to buy the property. *See Baldwin v. New,* 736 S.W.2d 148, 150 (Tex.App.—Dallas 1987, writ denied). We also reject Brodsky's reliance upon *Rhodessa,* which was held to contain an implied obligation on the buyer's part to use due diligence to obtain a zoning change or forfeit his earnest money. *Rhodessa,* 658 S.W.2d at 221. The facts of the present case, like those in *Baldwin,* permit the purchaser to tie up the properties for sixty days with total discretion to avoid the sale. *See Baldwin,* 736 S.W.2d at 151.

Because there was no consideration for the purchase option, the contract cannot be enforced by specific performance and was revocable during its term by either party. Having reversed and rendered based upon the first five points of error, we need not address the remaining sixteen points. The judgment of the trial court is reversed and judgment is rendered in favor of Culbertson.