Affirmed as Modified and Memorandum Majority and Concurring Opinions
filed December 21, 2004









Affirmed as Modified and Memorandum Majority and Concurring
Opinions filed December 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00633-CV

_______________

 

ROBERT C. REEVES, JR.,
Appellant

 

V.

 

MEMORIAL
TERRACE, LTD., EDE I. NEMETI,

ARPAD DOMYAN, KATHERINE DOMYAN,

SPASCO, LTD., AND LEFT BK, L.P., Appellees

____________________________________________________________

 

On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 01‑10100

____________________________________________________________

 

M E M O R A N D U M  
M A J O R I T Y   O P I N I O N

 

In
this real estate dispute, Robert C. Reeves appeals a summary judgment entered
in favor of Memorial Terrace, Ltd., Ede I. Nemeti, Arpad and Katherine Domyan, Spasco,
Ltd., and Left BK L.P. (collectively, Aappellees@) on numerous grounds.  We affirm as modified.








                                                                   Background

Reeves
entered into a written agreement (the Aagreement@) to buy land from the Domyans and
Memorial Terrace (the Asellers@).  The sale never
closed, and Reeves filed this lawsuit against appellees for specific
performance of the agreement, rescission of the subsequent deeds conveying
portions of the property to Spasco and Left BK, and damages.  Reeves asserted claims for breach of
contract, statutory and common law fraud, conspiracy, and deceptive trade
practices.  Appellees filed motions for
summary judgment, which the trial court granted, resulting in a take-nothing
judgment.

                                                            Standard
of Review

A
traditional summary judgment may be granted if the motion and summary judgment
evidence show that there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law on the issues expressly set
out in the motion or response.  Tex. R. Civ. P.  166a(c). 
In reviewing such a motion for summary judgment, we take all evidence
favorable to the nonmovant as true and resolve every doubt, and indulge every
reasonable inference, in the nonmovant=s favor.  Provident Life and Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215 (Tex. 2002).

A
no‑evidence motion for summary judgment must be granted if: (1) the
moving party asserts that there is no evidence of one or more specified
elements of a claim or defense on which the adverse party would have the burden
of proof at trial; and (2) the respondent produces no summary judgment evidence
raising a genuine issue of material fact on those elements.  See Tex.
R. Civ. P. 166a(i).  In reviewing
a no-evidence motion for summary judgment, we view the evidence in the light
most favorable to the nonmovant, disregarding all contrary evidence and
inferences.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 124 S. Ct.
2097 (2004).  We must affirm a summary
judgment if any of the grounds asserted are meritorious.  Tex. Workers= Comp. Comm=n v. Patient Advocates of Tex., 136 S.W.3d 643, 648 (Tex. 2004).








                                                               Contract
Claims

Reeves=s fifth issue challenges several
grounds on which appellees sought summary judgment, including that the
agreement was unenforceable for lack of consideration.  Because this issue is largely dispositive of
the appeal, we address it first.

To
be enforceable, a contract must be supported by valid consideration, i.e.,
mutuality of obligation.  Fed. Sign v.
Tex. S. Univ., 951 S.W.2d 401, 409 (Tex. 1997).  What constitutes consideration for a contract
is a question of law.[1]  Consideration can consist of an exchange of
promises.  See Fed. Sign, 951
S.W.2d at 409.  However, if a promise
fails to actually bind a party because he retains the option to terminate the
transaction in lieu of performing it, then the promise is illusory and is not
valid consideration.  See Light v.
Centel Cellular Co., 883 S.W.2d 642, 644-45 (Tex. 1994).  Therefore, when illusory promises are all
that support a purported bilateral contract, there is no contract.  Id.; Culbertson v. Brodsky, 788
S.W.2d 156, 157 (Tex. App.CFort Worth 1990, writ denied) (holding earnest money contract
unenforceable for lack of consideration where buyer retained right to terminate
it in his sole discretion and receive a full return of his earnest money, with
neither party having any continuing obligation to the other).








In
this case, the agreement provided, among other things, that: (1) if Reeves
failed to deposit $400,000 earnest money with the title company within 11
business days from the effective date of the agreement, the agreement would be
null and void and Reeves would have no monetary liability; and (2) Reeves had a
unilateral right to terminate the agreement for any reason for 30 days after the
effective date with a full refund of his earnest money. Although many facts, as
well as the effect of the agreement, are disputed, it is undisputed that no
earnest money was ever deposited by Reeves. 
If the requirements were never met under the agreement to trigger Reeves=s deadline for depositing the earnest
money, then he never became bound to do anything further under the agreement
(and would have had a right to terminate for several days thereafter in any
event).  Alternatively, if the earnest
money deposit date was at some point reached, then Reeves=s failure to make that deposit
rendered the agreement null and void. 
Either way, the agreement failed to ever impose binding mutual
obligations on the parties.  Under these
circumstances, the agreement was unsupported by consideration, lacked
mutuality, and, therefore, was unenforceable. 
Accordingly, the trial court did not err in entering summary judgment on
Reeves= claims for breach of the agreement,
and we need not address Reeves=s challenges to the alternative grounds for summary judgment
on his contract claim.

                                                     Remaining
Damage Claims

Reeves
also challenges the summary judgment against his claims for statutory and
common law fraud, conspiracy to commit fraud, and deceptive trade
practices.  In this regard, Reeves
alleged that the sellers made false representations and failed to disclose
material facts to induce him to enter into the agreement and deposit earnest
money.  Appellees= motion for summary judgment
asserted, among other things, that Reeves could not show that he detrimentally
relied on any alleged misrepresentation or that he was damaged by it or any
non-disclosure because he was never bound by the contract and never deposited
any earnest money.  As Reeves=s brief acknowledges, detrimental
reliance and/or damage are elements of each of Reeves=s claims for fraud, conspiracy, and
deceptive trade practices.  In that the
agreement never reached completion of the formation stage and Reeves never
deposited any earnest money, it is not apparent how the reliance and damage
elements of these causes of action could be met under these circumstances.  Accordingly, Reeves challenge to the summary
judgment against these claims affords no basis for relief and is overruled.

                                          Other
Summary Judgment Contentions








Reeves
also argues that the trial court erred in overruling: (1) his special
exceptions to appellees motion for summary judgment because the motion did not
specify whether it was a traditional or no-evidence motion; and (2) his
objections to appellees= summary judgment evidence. 
The bases for our affirmance of the summary judgment, set forth above,
are not affected by whether the motion is viewed as a traditional or
no-evidence motion.  Nor do we agree that
the motion was so vague or confusing that it did not provide sufficient notice
of its grounds.  Therefore, we overrule
Reeves=s challenge to the trial court=s denial of his special exceptions.

Similarly,
our grounds for affirming the summary judgment are also not based on any of the
evidence challenged by Reeves, except the agreement itself.  Reeves=s objection to the agreement was that
it was hearsay that was not shown by affidavit to come within any hearsay
objection.  However, a signed instrument,
such as a contract, that creates legal rights is not hearsay because it has
legal effect independent of the truth of any statement contained in it.  See, e.g., Kepner-Tregoe, Inc. v.
Leadership Software Inc., 12 F.3d 527, 539-40 (5th Cir. 1994); Sanders
v. Worthington, 382 S.W.2d 910, 915-16 (Tex. 1964).  Therefore, Reeves=s challenge to the trial court=s evidentiary rulings are overruled.

Reeves
further contends that he overcame appellees= motion with extensive evidence.  However, he cites no evidence that raises a
fact issue as to any of our grounds, above, for affirmance.  Finally, Reeves challenges the summary
judgment for being granted on claims asserted in his fifth amended petition
which appellees= motion did not address. 
However, because this amended petition was not on file at the time of
the hearing[2]
and the record does not reflect that Reeves sought or obtained permission of
the trial court to file it,[3]
the petition was not timely filed, and his challenge based upon it presents
nothing for our review.  Accordingly,
these challenges are overruled.








                                                                   Lis
Pendens

Reeves
also contests the trial court=s cancellation and removal of his notice of lis pendens
because the trial court did not comply with section 12.008 of the Texas
Property Code, requiring either a deposit of money or the giving of an
undertaking by the party seeking cancellation. 
As a practical matter, our decision affirming the summary judgment all
but moots this issue.  However, until the
ultimate conclusion of this appeal, the title to the property technically
remains in dispute.  Moreover, although
the right of first refusal that the trial court provided to Reeves (and that he
declined) was a reasonable approach to resolving the dispute, we can find no
authority allowing a validly filed lis pendens to be cancelled where, as
here, the requirements of section 12.008 are not met.  Accordingly, we: (1) sustain this challenge,
reverse the trial court=s order cancelling the lis pendens, and render judgment
vacating that order; and (2) affirm the remainder of the trial court=s judgment as so modified.

 

 

/s/        Richard H. Edelman

Justice

Judgment rendered and Memorandum Majority and
Concurring Opinions filed December 21, 2004.

 

Panel consists of Justices Edelman, Frost, and Guzman.  (Frost, J., concurring.)

 

 

 

 











[1]           Sudan
v. Sudan, 145 S.W.3d 280, 285 (Tex. App.CHouston
[14th Dist.] 2004, pet. filed); Brownwood Ross Co. v. Maverick County,
936 S.W.2d 42, 45 (Tex. App.CSan Antonio 1996, writ denied); Williams v. Hill,
396 S.W.2d 911, 913 (Tex. Civ. App.CDallas
1965, no writ).





[2]           The
trial court=s docket sheet reflects that the hearing was held on
May 24, 2002; the file-stamp on Reeves=s fifth
amended petition reflects that it was subsequently filed after hours that day;
and we find no indication in the record that a motion for leave to file this
amended petition was ever filed, or that permission to do so was otherwise
requested, or ruled upon by the trial court.





[3]           See
Tex. R. Civ. P. 166a(c)
(indicating that summary judgment requirements must be satisfied with regard to
pleadings that are on file at the time of the hearing or are thereafter filed
before judgment with permission of the court).