Curtis McDANIEL et ux., Appellants,

v.

Michael J. KUDLIK et ux., Appellees.

No. B2217.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 2, 1980.

Rehearing Denied April 23, 1980.

Daniel Jay Goldberg, Houston, for appellants.

William C. Reiff, Reiff & Burgess, Houston, for appellees.

Before COULSON, SALAZAR and JUNELL, JJ.

SALAZAR, Justice.

This appeal involves the interpretation of an earnest money contract entered into by Curtis and JoAnn McDaniel (appellants or the McDaniels), as purchasers, and Michael J. and Theresa H. Kudlik (appellees or the Kudliks), as sellers. The McDaniels sought specific performance of the earnest money contract or, in the alternative, return of their $10,000.00 down payment and certain other relief. Trial was to a jury, and a single special issue was submitted by the court. In answer to that special issue the jury found that the McDaniels did not at-

tempt to secure approval for their assumption of the first lien mortgage on the property in question. Based upon the jury's finding, judgment was entered that Michael J. Kudlik retain ownership and possession of the subject property. It was further ordered that the McDaniels recover from the Kudliks $10,000.00 "representing the earnest money paid by Plaintiffs to Defendants." The McDaniels appeal the denial of specific performance. By way of cross-point, appellees contest the return of the $10,000.00 to the appellants.

Appellants' first four points of error concern the trial court's submission of a single special issue to the jury and its refusal to submit certain special issues requested by appellants. The issue submitted was:

> Do you find from a preponderance of the evidence that the Plaintiffs, Curtis McDaniel and wife, JoAnn McDaniel attempted to secure approval from Benjamin Franklin Savings and Loan Association to assume the first lien mortgage loan of Michael J. Kudlik and wife, Theresa H. Kudlik, on 5754 Jason, Houston, Harris County, Texas?

Appellants contend that this was an evidentiary issue and was not dispositive of the lawsuit. We disagree. The contract between the parties states that the purchasers were to assume the sellers' first lien mortgage. An addendum to the contract set the closing date as on or before September 15, 1976 unless, prior to that time, both parties agreed in writing to an extension. The addendum also provided that "[i]n the event that Purchaser is not able to be approved to assume Seller's previously mentioned first lien mortgage loan, Seller and Purchaser shall enter into a contract for deed . . ."

■ It is clear that the primary financing method in the transaction was to be an assumption of the existing mortgage. Only if the purchasers could not obtain approval for the assumption was the alternative method to come into play. Appellants were obligated to at least attempt to gain approval for the assumption. Thus, the issue submitted by the court was dispositive.

Since the appellants did not even attempt to gain approval for their assumption of the first lien mortgage, they were in breach of the contract and were not entitled to relief, equitable or otherwise, if the appellees chose to refuse further performance. *Glass v. Anderson*, 596 S.W.2d 507 (Tex.1980).

■ Appellants submitted numerous proposed special issues to the trial judge for inclusion in the charge. The judge refused each issue, however, and instead submitted the issue discussed above. Appellants contend that the trial court erred in this refusal. To determine if a jury question is raised on an issue, the evidence must be viewed in the light most favorable to the party requesting the issue, all contrary evidence must be disregarded, and all legitimate inferences must be indulged in favor of the issue. But a mere scintilla of evidence does not raise an issue requiring jury determination. *Allied Finance Company v. Gammill*, 440 S.W.2d 987 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n. r. e.). After a review of the evidence, we hold that the refusal to submit the requested issues was not error. The single issue submitted was dispositive of the case. Thus, appellants' first four points of error are overruled.

■ Appellants' fifth point of error asserts that the trial court erred in failing to admit the listing agreement proffered as plaintiffs' exhibit number three. The listing agreement was executed by the appellees and a real estate agency. The agreement was totally irrelevant to any issue in this cause of action and, thus, was properly excluded. *Davis v. Zapata Petroleum Corporation*, 351 S.W.2d 916 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.). Appellants' fifth point of error is overruled.

■ Finally, by crosspoint, appellees assign as error the trial court's award of the $10,000.00 down payment to appellants. The contract states, in pertinent part, as follows:

> Purchaser has this day paid the sum of $10,000.00 . . . to Sellers. . . . [S]hould Purchaser fail to consummate this agreement within the time specified herein, for any reason except title defects as would show title in Seller not to be

good or Seller's failure to comply with any of the requirements herein, Seller shall have the right to said sum as liquidated damages. . . .

The jury found that appellants did not attempt to secure approval for the assumption of appellees' first lien mortgage. As a result, the agreement between the parties was not consummated within the time specified by the contract. The failure to consummate was not caused by any title defects or by any non-compliance with the requirements of the contract on the part of the sellers. Thus, the sellers, appellees herein, were entitled to the $10,000.00 as liquidated damages. This court is not bound by an incorrect conclusion of law made by the trial court. *Mercedes Dusting Service, Inc. v. Evans*, 353 S.W.2d 894 (Tex. Civ.App.—San Antonio 1962, no writ). We, therefore, reverse that part of the judgment of the trial court and render judgment for appellees in the amount of $10,-000.00, as liquidated damages, in accordance with the contract.

Inasmuch as that part of the judgment refusing specific performance is correct, we affirm that part of the judgment.

All of appellants' points of error have been considered and are overruled.

Affirmed in part and reversed and rendered in part.