Orris DANIELS, Individually and as Administrator of the Estate of Shirley Daniels, Deceased, Appellant,

v.

SOUTHWESTERN TRANSPORTATION, et al., Appellees.

No. 8909.

Court of Civil Appeals of Texas, Texarkana.

July 21, 1981.

Rehearing Denied Aug. 18, 1981.

Harry B. Friedman, Harkness, Friedman, Kusin & Britt, Texarkana, for appellant.

Norman C. Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellees.

CORNELIUS, Chief Justice.

Orris Daniels filed this action against Southwestern Transportation and Curtis L. Morgan to recover damages for personal injuries and the wrongful death of his wife, Shirley Daniels, allegedly resulting from a motor vehicle accident in Bowie County on July 19, 1978.

The case was tried to an eleven member jury. The trial court ruled as a matter of law that the wrongful death action was without merit, and instructed a verdict that Mrs. Daniels' death was not proximately caused by the accident. On the remaining personal injury claim the jury found that Curtis Morgan, who was the driver of the truck which struck Mrs. Daniels' car, was not negligent in failing to keep a proper lookout, or as to the type mirrors he had on the truck or the condition of its power steering. The jury also found that Mrs. Daniels was not injured as a result of the collision. In accordance with these findings, the trial court entered a take nothing judgment against Mr. Daniels.

Mr. Morgan was the only witness to testify regarding the circumstances of the accident, which occurred at Building 595 on the grounds of Red River Army Depot. Morgan was employed by Southwestern Transportation and was operating a tandem axle tractor owned by his employer. The tractor was equipped with standard rectangular mirrors on each side of the cab and with a round convex mirror on the right side. On the day of the accident Morgan delivered a load of ammunition to the ammunition area of the arsenal, dropped off his trailer and then drove the tractor some eight miles to Building 595 where he planned to eat lunch. He testified that the power steering seal had broken after he dropped off his trailer, causing some stiffness in steering. He traveled down a two-lane street which was devoid of other traffic as he approached Building 595. Adjacent to the building is a parking area where tractors and trailers are allowed to park. As he approached the building he turned to his right and came to a stop in order to shift into reverse before backing into the parking area. After stopping his tractor and before beginning to back up, Morgan checked his mirrors and looked out his side and rear view mirrors to check for traffic and saw none. He then began to back up his tractor. After traveling approximately 16 feet, the length of his tractor, the impact with Mrs. Daniels' automobile occurred. The first time Morgan saw Mrs. Daniels' car was after the impact. He said that he did not hear anything to indicate that another vehicle was in the area, and that if a horn had sounded he would have heard it. He testified that the only damage to Mrs. Daniels' car was a scuff mark on the front edge of the left front fender. Defendants' exhibits 1 through 3 consist of five photographs of the damaged car. They show no dents or scratches on the car, the only apparent mark being a grayish scuff mark on the leading edge of the left front fender. No light was broken. Mr. Daniels testified that before these photographs were taken he used a hammer and a two-by-four to knock the dents out of the car.

Some of Mr. Daniels' witnesses testified that although Mrs. Daniels suffered no observable injury in the collision, she had always been a calm, healthy person before the accident, but she became very nervous and her physical condition deteriorated rapidly after the collision. She was hospitalized several times prior to her death on August 25, 1978.

Southwestern produced the testimony of two medical doctors. Dr. Brown said that Mrs. Daniels' death was caused by intravascular coagulopathy, a condition where the clotting mechanism of the blood becomes defective, resulting in internal bleeding. This condition caused hemorrhaging into Mrs. Daniels' spine and brain. The testimony was that a pelvic infection known as pelvic inflammatory disease, for which Mrs. Daniels was hospitalized on August 16, 1978, caused the intravascular coagulopathy which resulted in her death. Dr. Brown testified that trauma can cause intravascular coagulopathy, but he did not feel that trauma caused the condition in Mrs. Daniels' case. The only medical testimony was that Mrs. Daniels' death was totally unrelated to the accident involved in this suit.

Mr. Daniels' first points complain that the judgment must be reversed because he was not allowed to have twelve jurors consider his case.

On August 25, 1980, a jury of twelve persons was selected, impaneled and sworn. The presentation of evidence began on August 26th. On the evening of the 25th one juror informed the judge that he had become disabled with a heart ailment and was scheduled to see a physician on the morning of the 26th. Over the objection of Mr. Daniels, the juror was excused and the trial proceeded with eleven jurors, pursuant to the provisions of Tex.R.Civ.P. 292, which provides that where as many as three jurors die or become disabled from sitting, a valid judgment may be rendered by those jurors remaining. Mr. Daniels recognizes the provisions of Rule 292, but takes the position here that the Texas Constitution requires that, while less than twelve jurors may ultimately render a verdict, at least twelve

jurors must consider the evidence. We interpret his position to be that there must be twelve jurors when the presentation of the evidence begins. We find no legal support for such a proposition. Indeed, Article V, § 13 of our Constitution makes no such requirement. It is the basis for Rule 292 as it provides that:

" . . . When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; . . .".

A cause is considered pending when the parties have announced ready and the jury has been selected and sworn. *Thomas v. Billingsley*, 173 S.W.2d 199 (Tex.Civ.App.—Dallas 1943, writ ref'd). And there is no right under the United States Constitution to a jury of twelve persons in a civil case. See *Colgrove v. Battin*, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973). The decision whether to dismiss a juror for disability is left largely to the discretion of the trial court. *Southern Pacific Transportation Co. v. Peralez*, 546 S.W.2d 88 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n. r. e.); *Dickson v. J. Wingarten, Inc.*, 498 S.W.2d 388 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ); 3 McDonald's, Texas Civil Practice § 11.14, p. 172. We find no abuse of discretion in the trial court's action here in proceeding to trial with the remaining eleven jurors.

The next complaint is that the trial court failed to submit Mr. Daniels' requested special issues concerning four alleged negligent acts on the part of Mr. Morgan: his method of backing his tractor, his failure to apply the brakes, his failure to have someone direct the progress of his backing operation, and his failure to heed Mrs. Daniels' warning.

■ The trial court correctly refused these issues because there was no evidence to support their submission. Mr. Morgan was the only witness to testify concerning the circumstances of the accident. No other witness had any personal knowledge of the accident, and the only testimony, that of Morgan, was to the effect that he was not negligent in backing his tractor and that he would have heard a horn or other warning signal if one had been given. There was no evidence that having someone direct his backing operation or that a different application of his brakes from that to which he testified would have avoided the impact with Mrs. Daniels' automobile.

■ A trial court should refuse to submit a jury issue if there is no evidence to support it, *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Burke Wiley, Inc. v. Lenderman*, 545 S.W.2d 226 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.), or if the proof amounts only to a scintilla of evidence. *McDaniel v. Kudlik*, 598 S.W.2d 350 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.); *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ.App.—Corpus Christi 1977, no writ). The mere fact that a collision occurred is not evidence that it was caused by anyone's negligence. *Wells v. Texas Pacific Coal & Oil Co.*, 140 Tex. 2, 164 S.W.2d 660 (1942).

■ Complaint is also made of the trial court's failure to give the jury an instruction on circumstantial evidence. Such refusal was not error, for as our Supreme Court stated in *Johnson v. Zurich General Accident & Liability Ins. Co.*, 146 Tex. 232, 205 S.W.2d 353 (1947):

"In practically all cases some of the evidence is circumstantial. Surely a jury understands that it is its function to make reasonable inferences from proven facts, and we are unwilling to sanction a rule based upon the hypothesis that it does not."

■ Mr. Daniels also urges error in the trial court's instruction of a verdict against his claim of wrongful death and of the jury's finding that Mrs. Daniels was not injured. These points have become moot and need not be discussed. The jury absolved the driver of any negligence, and those findings are supported by sufficient evidence. The further questions of a causal relationship between the collision and Mrs. Daniels' injury and death therefore become immaterial.

The judgment of the trial court is affirmed.