Bryan **HARDEMAN** and Edward R. **Tinsley**, III d/b/a Rocky Mountain Schlotzsky's, Appellants,

v.

John T. **PARISH**, Paula Parish and John R. Parish, Appellees.

No. 08–86–00227–CV.

Court of Appeals of Texas, El Paso.

April 29, 1987.

Rehearing Denied June 10, 1987.

W. Hollis Webb, Baker, Field, Clifford, Krier, & Webb, Inc., Lubbock, Steven L. Clack, Andrews, for appellants.

G. Bert Smith, Jr., Timothy Bryan Smith, Law Offices of G. Bert Smith, Jr., Inc., Andrews, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

Defendants denied liability on a promissory note on the grounds of failure of a condition precedent to their obligation. Judgment was granted in their favor, and Plaintiffs appeal. We reverse and remand.

The first three points of error concern whether the note and a contract of sale should be construed together. The contract was dated April 26, 1982, and signed by Defendant John T. Parish. The note was dated May 1, 1982, and signed by John T. Parish; his father, John R. Parish; and his wife, Paula Parish, Defendants. Plaintiffs claim the note and the contract cannot be construed together. It is the judge and not the jury who must construe the legal effect of an instrument. The jury may, however, resolve an ambiguous intent issue. *Trinity Universal Insurance Company v. Ponsford Brothers*, 423 S.W.2d 571 (Tex.1968). Where two instruments pertain to the same transaction, they will be considered together even though they do not expressly refer to each other. *Estate of Griffin v. Sumner*, 604 S.W.2d 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). The rule is applicable to instruments of different dates and when one or more are promissory notes. *Pendleton Green Associates v. Anchor Savings Bank*, 520 S.W.2d 579 (Tex.Civ.App.—Corpus Christi 1975, no writ).

Here, the contract stated: "In consideration of this agreement, JOHN T. PARISH will execute a note for TWO HUNDRED FIFTY THOUSAND DOLLARS TO HARDEMAN AND TINSLEY dba Rocky Mountain Schlotzsky's, a copy of which is attached as EXHIBIT A." There was testimony that a copy of the note in question was in fact attached to the instrument. The contract further provided:

This agreement and the actions of the parties hereto are contingent upon such rights being granted to JOHN T. PARISH to own, establish, or operate Schlotzsky's Sandwich Shops pursuant to a Master Development by and between JOHN

T. PARISH, an individual, and Schlotzsky's, Incorporated for the area of El Paso County, Pueblo County and Teller County, all within the State of Colorado. The jury found the note was conditioned upon the contract as a matter of fact. The Plaintiffs claim this cannot be, as a matter of law, because there are two more parties to the note than were to the contract and there must be privity of contract in order to claim a contractual defense. We reject this because a condition precedent can go to the very existence of the debt, and such defense would be available against all but a holder in due course to a cosigner of a note, whether he be an accommodation endorser, surety, guarantor or principal. Points of Error Nos. One, Two and Three are overruled.

In Point of Error No. Five, Plaintiffs allege the Defendants are estopped as a matter of law from enforcing the condition precedent. On June 5, 1982, Defendant John T. Parish wrote a letter to Schlotzsky's agent requesting they "restructure my Master Development Agreement" to vest the ownership in a corporation, Shaver, Highnote, and Parish, Inc. Although denied by Schlotzsky's agent, Defendant John T. Parish testified he did this at the request of the agent with the implication the transaction would not proceed if he did not comply. He never informed the Plaintiffs of this request, and all the evidence indicated the Plaintiffs had no knowledge of his action. He then became a participant in the cause of the failure of performance of a condition precedent upon which his own liability depended. Even if he was not completely accordant to the transaction, he would have a duty to inform the Plaintiffs that the consideration had failed. By all evidence, this silence prevailed until 1984. The Plaintiffs had relied upon the contract of April 26, 1982. They had agreed to transfer their rights to develop the franchise, and in reliance of that agreement, they had foregone the right to develop under that agreement and so testified.

■ In order to constitute an equitable estoppel or estoppel in pais, there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice. *Margules v. Crim*, 331 S.W.2d 372 (Tex.Civ.App.—Amarillo 1959, no writ).

■ The concealment may consist of silence or a negative omission to act when it was his duty to speak or act. *Champlin Oil & Refining Company v. Chastain*, 403 S.W.2d 376 (Tex.1966). John T. Parish had a duty to inform the Plaintiffs of the alteration of the agreement.

The Defendants rely on the fact that the Plaintiffs received a check for payment on the note in July, 1983, from Shaver, Highnote, and Parish, Inc.; further, the Plaintiffs received notice of being creditors of that corporation under bankruptcy proceedings in 1984. Defendants claim these matters would impute knowledge of the changed condition to the Plaintiffs and thereby deny them the defense of estoppel. We disagree.

Estoppel would also apply to Defendants Paula Parish and John R. Parish. Their liability became measured by the principal's liability. *Hercules Exploration, Inc. v. Halliburton Company*, 658 S.W.2d 716 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

At the close of testimony, Plaintiffs requested the court to instruct a verdict in their favor. The trial court's refusal to grant such a response is the basis of Plaintiffs' fifth point of error.

The Plaintiffs are entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. There must be no evidence of probative force to raise fact issues on the material question presented. The court must consider all of the evidence in the light most favorable to the party against whom the verdict should have been instructed, discarding all contrary evidence and inferenc-

es. *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978). A mere scintilla of evidence will not, however, raise an issue for jury submission. *McDaniel v. Kudlik,* 598 S.W.2d 350 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

We hold the trial court erred in refusing to grant a directed verdict because we find the Defendants are estopped to claim failure of consideration as a matter of law. Point of Error No. Five is sustained.

The remaining points of error are rendered moot. The judgment of the trial court is reversed and the case remanded for entry of judgment for the Plaintiffs on the note, in accordance with this opinion.