**J.B. POGUE, Appellant,**

v.

**FIRST STATE BANK, MONAHANS, and O.D. Whitley, Appellees.**

No. 08–87–00094–CV.

Court of Appeals of Texas, El Paso.

March 30, 1988.

Steven L. Woolard, Ft. Stockton, for appellant.

John Stickels, Monahans, Warren Heagy, Odessa, for appellees.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment for $60,000.00, plus attorney's fees, based upon a personal guaranty for a corporate debt executed on April 15, 1983. We affirm.

The Defendant pled equitable estoppel, alleging the bank falsely represented to him that the corporation was financially sound. This was done subsequent to his signing the guaranty, but he alleged this prevented him from salvaging his losses.

The jury found in Issue No. Eleven, the bank represented to the Defendant that the corporation was "financially sound regarding its indebtedness." It found in Issue

No. Twelve, the bank's representation as to the corporation's "financial stability" were not false. Issue No. Thirteen, which asked whether the bank agent knew, or should have known of the falsity of his representation, was not answered per instructions. It had a conditional predicate of an affirmative finding of "false representation" in Issue No. Twelve, that the jury found to the contrary. Immediately following the space provided for an answer to the unanswered Issue No. Thirteen was an instruction for the jury to disregard Issue No. Fourteen unless they answered Issue No. Thirteen affirmatively. This Issue No. Thirteen and instruction were placed on the bottom of the page of the charge. In disregarding the answering of this issue as instructed, the jury apparently overlooked the instruction adjacent to it. Issue No. Fourteen commenced on the top of the following page. The jury gratuitously answered this issue, finding the Defendant did not reasonably rely on the representations of the bank agent to his detriment.

Before the judge received the verdict, all jury answers were read out in open court. The unanimous verdict was received without objection.

Defendant's single point of error claims the finding that the bank's representations that the corporation was financially stable were against the great weight and preponderance of evidence.

 We need not reach this point as any error would be harmless. In order to constitute an equitable estoppel or estoppel in pais, there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice. *Hardeman v. Parish*, 730 S.W.2d 813 (Tex.App.—El Paso 1987, writ ref'd n.r.e.). Failure to prove any one or more of the elements constituting an estop-

pel is fatal. *Concord Oil Co. v. Alco Oil and Gas Corp.*, 387 S.W.2d 635 (Tex.1965).

The jury's finding that the Defendant did not reasonably rely on the representations to his detriment nullifies the defense of equitable estoppel. Although it was a gratuitous finding, the underlying reason for the court's instruction to omit answering was conservation of time and effort. The time was spent anyway, the issue was decided, and the verdict was received.

Judgment of the trial court is affirmed.