B.J. McDANIEL, Jr. and Pamela
Charmrod McDaniel,
Appellants,

v.

Tom YARBROUGH, Appellee.

No. 01–92–00844–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 28, 1993.

Rehearing Denied Nov. 24, 1993.

George A. Rustay, P. Randall Crump, Dow, Cogburn & Friedman, P.C., Houston, for appellants.

Kathleen Hopkins Alsina, Joseph Y. Ahmad, Crain, Caton & James, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

MIRABAL, Justice.

We withdraw our earlier opinion, we substitute the following opinion in its stead, and we overrule appellant's motion for rehearing.

This is an appeal from a take-nothing judgment in a personal injury lawsuit. We affirm.

In two points of error, appellants B.J. McDaniel and Pamela Charmrod McDaniel assert the trial court abused its discretion when, after the trial had begun, it dismissed a juror who was unable to return to the courthouse because of bad weather conditions.

At the outset, we will address appellee, Tom Yarbrough's, contention that no reversible error has been shown because the McDaniels, who filed only a partial statement of facts, did not comply with TEX.R.APP.P. 53(d). The rule states:

> (d) Partial Statement. If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other

party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App.P. 53(d).

■ An appellant must either comply with rule 53(d), or file a complete statement of facts; otherwise, it will be presumed that the omitted portions of the statement of facts are relevant to the disposition of the appeal. *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990). A reviewing court must examine the entire relevant record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Id.*

The transcript does not contain a written request to the court reporter ordering a partial statement of facts and stating the points the McDaniels would rely upon; apparently, no such written request exists. However, in open court, the McDaniels' attorney stated the points the appeal would address, and Yarbrough's attorney stipulated to them. In the trial court, the following exchange occurred:

**THE McDANIELS' ATTORNEY:** We have agreed among ourselves that the record of the appeal will go forward on basically one point of error, the point of error claimed and raised by objections during the trial by the plaintiff to the effect that the Court erred in excusing 1 of the 12 jurors which were impanelled to hear this case and proceeded to trial, overruled the objection of plaintiffs to a verdict of basically 11 members.

The plaintiffs will contend on appeal that the Court erred in excusing that juror, and abused its discretion in doing so, in light of having not only excused another juror, but the fact that another juror was excused for half a day immediately prior to the release of Juror No. 7 on the Panel.

Finally, the trial was permitted to be delayed for a half day for the benefit of one juror; then this juror was excused following that recess. These matters we will raise on appeal contending the abuse of discretion.

And there will be a limited appeal on that issue. Because of the agreements of the parties in this case we will have a limited appeal to those issues and we will submit a limited record on that issue.

And the defendant has agreed that in order to dispose of the appeal, that there was sufficient evidence presented by the plaintiff during the course of trial to submit the issues to the jury that the jury passed on, except that there the defendants will stipulate or agree as a matter of fact that they objected during trial that there was no evidence sufficient to take the case on punitive damages which was submitted.

Now those are the agreements that will be used on appeal in this matter. And in view of those agreements, the plaintiffs also now agree to abandon their motion to proceed in forma pauperis and request that the court rule on that, which the Plaintiffs' would assume to be a ruling against plaintiff.

**THE COURT:** I have already signed an order.

**THE McDANIELS' ATTORNEY:** Are these our agreements Mrs. Alsina?

**YARBROUGH'S ATTORNEY:** It's our understanding that the plaintiffs intend to agree to the limiting of the appeal to one issue relating to this juror. For that reason and that reason only, we will agree to the stipulations described.

Both points of error on appeal deal with the limited issues described in the foregoing exchange. The points of error on appeal are:

*Point 1*

The trial court abused its discretion by completing the trial, deliberations, and verdict, over objection, without one of the twelve jurors, who was unable to travel to the courthouse because of temporary weather conditions, immediately after completion of a half day recess, granted on the court's own initiative, in the trial to allow a different juror to lead a funeral service.

*Point 2*

The trial court abused its discretion by, on its own motion, over objection, dismissing a seated juror from the remainder of the

trial, deliberations, and verdict when that juror was unable to travel to the courthouse, after midday, because of temporary weather conditions.

■ We hold the McDaniels complied with rule 53(d). The court reporter was made aware of the need for a partial statement of facts, and the statement of points to be relied on was timely made. Yarbrough had actual, timely notice of the points to be raised on appeal, and the court reporter had notice of which part of the testimony to transcribe. *See Alford v. Whaley,* 794 S.W.2d 920, 923 (Tex.App.—Houston [1st Dist.] 1990, no writ) (appellants invoked the presumption by timely requesting a partial statement of facts in writing from the court reporter and later serving all parties with a statement of points to be relied upon for appeal in a separate writing, within the time for perfecting the appeal). Accordingly, we presume that nothing omitted from the record before us is relevant to the two points of error brought by the McDaniels. TEX.R.APP.P. 53(d).

The McDaniels brought suit against Yarbrough, seeking damages for injuries arising out of an automobile accident. The McDaniels alleged that Yarbrough was negligent or grossly negligent.

The case was tried before a jury from March 2 through March 5, 1992. A jury of 12 persons was sworn and seated. The same 12 jurors participated in the voir dire, heard the opening statements, and heard the evidence put on by the McDaniels on March 3, 1992. During the afternoon of March 3, the trial judge had a bench conference with counsel and Robert David Hogan, juror number 15. The judge confirmed that juror Hogan was obligated to lead a funeral service on March 4, the following morning, at 10:00 a.m. Hogan said he would be available to return to court immediately after the funeral. The following then transpired:

> THE COURT: As I have told everybody, I don't feel disposed to make you miss it. I will let you go on and take care of it, and try to decide between now and the end of the day whether we recess and wait till you come back or just go on. I'll let you know about that?
>
> JUROR HOGAN: Thank you.

THE COURT: All right.

If we don't start backup until tomorrow afternoon, is that going to take all day Thursday?

THE McDANIELS' COUNSEL: We have got a couple of people to put on. That's about it.

At the end of the day on March 3, the trial judge announced that the trial would be recessed for the morning of March 4 in order to allow juror Hogan to attend the funeral, and the judge instructed the jury to reassemble on Wednesday, March 4, 1992 at 1:00 p.m.

On the afternoon of March 4, 1992, the following transpired:

> THE COURT: Let the record reflect that Shirley Seals, Juror No. 7 on the panel, has reported to the Court that because of the weather she is unable to get back, so we could resume the trial in this case. And pursuant to the provisions of Rule 292, the Court on it's own motion has decided to go ahead and proceed with 11 jurors.
>
> THE McDANIELS' COUNSEL: We respectfully dissent and request on behalf of the Plaintiffs that we give an additional amount of time to see if the individual can get here. We are starting today at 1:00 primarily because another juror had to go to a funeral, to be at the funeral to officiate as minister, and not dilute our jury panel.
>
> This individual is as important as the one we postponed the trial for the funeral for. The individual is important and should be a part of the deliberating in this matter. We ask the Court to give us sometime to see if this person can get here.
>
> Your Honor I would also indicate that, and respectfully indicate that the other juror was given the morning off, or we had the morning off for a juror. I would ask the same be given for a juror that has flooding problems and cannot make it to the courtroom today. After we have had a full day of testimony, I believe the juror to be an important individual in the trial on the merits.

YARBROUGH'S COUNSEL: That would still require a majority of 10.

THE COURT: Yes, ten or more.

YARBROUGH'S COUNSEL: I have no objections.

The judge overruled the McDaniels' objection. The trial continued without juror Seals. The 11 remaining jurors heard testimony on the afternoon of March 4, and again on Thursday, March 5, 1992, until the defense rested at 2:00 p.m. The jury returned its verdict at 7:00 p.m. on March 5. The jury found Yarbrough 70 percent negligent, and Bob McDaniel 30 percent negligent; however, the jury awarded the McDaniels "0" damages. The verdict was not unanimous; only 10 of the 11 jurors signed the verdict.

The issue before us is whether the trial court *abused its discretion* when it determined juror Seals was disabled from sitting on the jury. *Southern Pacific Transp. Co. v. Peralez*, 546 S.W.2d 88, 97 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). In deciding whether the trial court abused its discretion, we determine whether the trial court acted without reference to any guiding rules and principles, *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), or whether the court acted arbitrarily or unreasonably in light of all the circumstances of the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984).

▮ There is no right under the United States Constitution to a jury of 12 persons in a civil case. *Colgrove v. Battin*, 413 U.S. 149, 157, 93 S.Ct. 2448, 2452–53, 37 L.Ed.2d 522 (1973); *Daniels v. Southwestern Transp.*, 621 S.W.2d 188, 191 (Tex.Civ.App.—Texarkana 1981, no writ). The Texas Constitution specifically provides that, under certain circumstances, a verdict may be returned by less than the full jury:

When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing

less than the whole number of the jury to render a verdict.

Tex. Const. art. V, sec. 13. Also instructive is Tex.R.Civ.P. 292, which, in part, provides:

A verdict may be rendered in any cause by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve.... However, where as many as three jurors die or be disabled from sitting and there are only nine of the jurors remaining of an original jury of twelve, those remaining may render and return a verdict....

The "disability" that will be sufficient to justify the trial court in excusing a juror and compelling the parties to proceed is left largely to the discretion of the judge. *Southern Pacific Transp. Co.*, 546 S.W.2d at 97. Such discretion lies mainly in the area of determining whether illness, mental disability, misconduct, drunkenness, or some other fact causes a juror to be "disabled from sitting." *Remuda Oil & Gas Co. v. Nobles*, 613 S.W.2d 312, 314 (Tex.Civ.App.—Fort Worth 1981, no writ); *Dickson v. J. Weingarten, Inc.*, 498 S.W.2d 388, 391 (Tex.Civ. App.—Houston [14th Dist.] 1973, no writ); 4 R. McDonald, Texas Civil Practice in District and County Courts, § 21.27 (rev. 1992).

The cases do not indicate that the "disability" must be a permanent one. For example, in the case of *Routledge v. Elmendorf*, a juror arrived at trial in an intoxicated condition, and the appellant sought to postpone the trial until the following day to allow the juror to become sober. The trial court denied the motion, dismissed the juror, and proceeded with a jury of 11 persons. The appellate court stated that the record supported the trial court's conclusion the drunk juror was "wholly disabled" at that time, and therefore the trial court did not abuse its discretion when it dismissed the juror. *Routledge v. Elmendorf*, 116 S.W. 156, 160 (Tex.Civ.App.—San Antonio 1909, writ ref'd).

Similarly, in *Daniels v. Southwestern Transp.*, the jury was selected, impaneled, and sworn during the day, and that evening a juror informed the judge that he had a heart ailment and was scheduled to see a doctor the next morning. The record does not reflect that the juror was likely to be perma-

nently unavailable. Over the objection of the appellant, the juror was excused, and the trial proceeded with 11 jurors. The appellate court held the trial court did not abuse its discretion. *Daniels*, 621 S.W.2d at 190–91.

■ We also note that a *mental or physical disability* is not the only type of disability that will justify dismissal of a juror. In *Remuda*, the appellate court held the trial court did not abuse its discretion when it dismissed a juror who was "disabled" by icy road conditions that kept her from getting to the courthouse. 613 S.W.2d at 314.

■ In the present case, the record clearly supports the trial court's conclusion that juror Seals was "disabled" by flooding that kept her from getting to the courthouse on the afternoon of March 4, 1992. The issue, therefore, becomes whether the trial court abused its discretion when it overruled the McDaniels' request to continue the trial until juror Seals could be available at court. The McDaniels argue, in part, that because the trial court had postponed the trial for one-half a day for juror Hogan, the trial court abused its discretion when it did not postpone the trial again for juror Seals.

When the trial court postponed the trial for juror Hogan, it had advance warning of Hogan's conflict and was assured Hogan could return immediately after the funeral service. Therefore, the trial court knew the trial could proceed in the afternoon, and was able to advise the remaining jurors, the attorneys, and the witnesses to reconvene at a specified time. The attorneys had indicated that if the trial was reconvened Wednesday afternoon, the trial would be completed by Thursday. When Juror Seals was unavailable due to flooding, the trial court had no prior warning. The remaining jurors, the attorneys, and witnesses were present and ready to proceed, and it was uncertain when juror Seals would be able to return, the

duration of her disability being entirely dependent on the weather and drainage conditions in Harris County.[1]

The record further reveals that the case had been pending for four years. A motion to retain it on the docket (presumably filed by the plaintiff) had been granted in May 1990, and a motion for continuance of trial was granted in February 1991.

Under all the circumstances, we conclude the trial court did not act arbitrarily, unreasonably, or without reference to guiding rules and principles. Accordingly, we overrule the McDaniels' points of error one and two.

We affirm the judgment.

OLIVER–PARROTT, C.J., dissents from the judgment and the decision to overrule the motion for rehearing.

OLIVER–PARROTT, Chief Justice, dissenting.

I respectfully dissent. Although I agree with the majority's recitation of the law controlling our evaluation of the trial court's actions, I do not agree with the majority's analysis of that law as it applies to these particular facts.

The trial court, itself, established guiding rules and principles when it recessed the trial one-half day to accommodate the schedule of juror Hogan. That same accommodation should have also been made for juror Seals. If juror Seals had not been able to return after a one-half day recess, then perhaps she could have reasonably been declared disabled.[1] The court would have then followed its guiding rules and principles. *Downer v. Aquamarine Operators, Inc.* 701 S.W.2d 238, 241–242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The age of the case or whether or not a motion for continuance had ever been granted should not be considered, particular-

---

1. We take judicial notice that on March 4, 1992 the Houston area experienced some of the worst flooding in its history. *See J. Weingarten, Inc. v. Tripplett*, 530 S.W.2d 653, 656 (Tex.Civ.App.—Beaumont 1975, writ ref'd n.r.e.) (Appellate courts are permitted to take judicial knowledge of a weather report for a particular day).

1. The majority took judicial notice of the flooding on March 4, 1992. We should also take notice that the rains ceased that day, and roads were passable on March 5, 1992.

ly when the record is silent as to whether the objecting party had any fault in the delay.

I agree the decision to excuse a juror is left largely to the discretion of the judge. *Southern Pacific Transp. Co. v. Peralez,* 546 S.W.2d 88, 97 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The judge's discretion is not unbridled, however. *Downer,* 701 S.W.2d at 242. A trial judge should not be able to decide one juror is any more important or worthy of accommodation than another. That is dangerous practice.