**Sue ADAMS, Appellant,**

v.

**VALLEY FEDERAL CREDIT UNION, Appellee.**

No. 13–91–350–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 10, 1992.

Rehearing Overruled Feb. 25, 1993.

---

Carter C. White, Ed Stapleton, Costilla & Stapleton, P.C., Brownsville, David K. Watsky, Hal K. Gillespie, Gillespie, Rozen & Tanner, Dallas, for appellant.

Will W. Pierson, Royston, Rayzor, Vickery & Williams, Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This appeal is brought by Sue Adams as a result of a jury verdict rendered partially in favor of appellee Valley Federal Credit Union. The jury awarded Adams $25,000 on a breach of contract claim but found against her in an age discrimination claim. She raises four points of error complaining of the charge on the discrimination claim and the exclusion of testimony relating to her intentional or reckless infliction of emotional distress claim. Valley Federal complains of the award of money for breach of contract. We affirm.

Sue Adams had been employed at Valley Federal for approximately eighteen years at the time she was dismissed by the Board of Directors. She worked up through the ranks and at the time she was fired she had become the manager of the Credit Union. For most of her career, Adams had a good employment record. She received several salary increases and at the time of her termination she was making $35,900.00. In 1987, Adams began having heart problems. In May 1987, she experienced chest pains and underwent balloon angioplasty. She returned to work after having undergone that procedure. In June 1987, Adams was questioned by the Board of Directors about the status of her health and was requested by the Board to obtain a doctor's release before continuing to work. At that point,

she was placed on leave with pay. She obtained the release and returned to work. On that same day, she was hospitalized with chest pains. She later underwent quadruple bypass surgery. On July 29, 1987, her employment was terminated effective August 30, 1987.

By Adams' first two points of error, she complains that the trial court erred by submitting the liability issue in broad form without requested instructions and definitions which she asserts would have enabled the jury to render a verdict. Second, Adams complains that the trial court erred in failing to submit a granulated charge.[1]

We are faced with two problems in resolving these issues. First, the age discrimination cause of action in Texas has not been well defined in our caselaw. Second, even though the Supreme Court of Texas has boldly mandated broad form submission, we believe that in a case such as this, without proper instructions, a charge may be so broad that it is inadequate to apprise the jury concerning the law and its application to the facts. We analyze this case with these two problems in mind.

■ We first address whether the trial court erred in failing to submit Adams' request for a granulated charge. Broad submission of the charge is now set in concrete. *Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647 (Tex.1990); *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n*, 710 S.W.2d 551 (Tex. 1986). Most of the challenges to the charge in recent years have been problems concerning the manner of broad form submission.

■ Recently, in *Keetch v. Kroger*,[2] the Supreme Court drafted a recommended instruction to accompany the Pattern Jury Charge's single question negligence submission for premises liability. The *Keetch* Court, however, did not reach the question whether it was reversible error to submit separate questions concerning each element rather than broad form submission. In *Keetch*, appellant had not preserved error in the charge. It is clear from *Keetch*, however, that a case may be broadly submitted, if properly phrased, even if separate questions concerning each element would also be proper.

■ In the case before us broad form submission of the charge was appropriate. Even though we believe the submission in this case was not proper, we find no error in the trial court's decision to submit a broad charge rather than granulated as suggested by Adams and argued in her second point of error. We overrule point two.

■ Adams' primary argument urges that the trial court erred in refusing her submitted instructions. She claims that without appropriate instructions the jury could not properly decide the case. We agree with Adams that the purpose of instructions is to aid the jury in answering the submitted questions. Tex.R.Civ.P. 277. A proper and necessary purpose of instructions is to inform the jury about the burdens placed on the parties in a particular cause of action. Instructions also may serve to set forth the elements of the cause of action. With the use of broad form submission, instructions become even more important than under the old rules. When

1. The charge proposed requested that the constituent elements of the cause of action be submitted, as follows:

1. Do you find by a preponderance of the evidence that on August 30, 1987, Sue Adams was age 40 or over?

2. Do you find from a preponderance of the evidence on August 30, 1987 that Sue Adams was discharged by Valley Federal Credit Union?

3. Do you find from a preponderance that at the time of the discharge by Valley Federal Credit Union Sue Adams was qualified for the job she was performing?

4. Do you find by a preponderance of the evidence that Sue Adams was replaced by a younger person?

5. Do you find by a preponderance of the evidence that Valley Federal Credit Union failed to clearly explain a proper nondiscriminatory reason for the discharge of Sue Adams?

6. Do you find by a preponderance of the evidence that the reason offered by Valley Federal Credit Union for the discharge of Sue Adams was not its true reason?

2. 845 S.W.2d 262 (Tex.1992).

requested, the trial court should submit appropriate instructions.

The question submitted to the jury in this case was simply, "Do you find from a preponderance of the evidence that defendant fired plaintiff because of her age?" The jury answered the question negatively. There were no instructions accompanying the charge except boilerplate definitions. Valley Federal requested no instructions to accompany the charge. Adams requested a two page instruction.[3] In addition to making a factual analysis of the case, the requested instruction stated that Adams had proven by undisputed evidence that she was within the protected age group, that she was 40 years or older, that she was discharged, that she was qualified for the job she was performing and that she was replaced by a younger person.

Age discrimination in Texas is prohibited by the Texas Human Rights Act. *See* Tex. Rev.Civ.Stat.Ann. art. 5221k (Vernon Supp. 1992). Section 1.04 of the Act says the words "because of age" or "on the basis of age" refer only to discrimination because of age or on the basis of age against an individual 40 years of age or older. Section 5.01 prohibits an employer from discharging an individual because of age.

The United States Supreme Court has set forth the basic allocation of burdens and order of presentation of proof in a case alleging discriminatory treatment under Title VII of the Civil Rights Acts of 1964. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 251, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). In *Burdine*, the Court stated that the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the employee's rejection. Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.* The ultimate burden of persuading the trier of fact remains at all times with the plaintiff. *Id.*

■ Recognizing the burdens set forth in *Burdine*, the Fifth Circuit has set forth

---

**3.** The instruction reads: The Commission on Human Rights Act prohibits arbitrary age restrictions on job opportunities. It requires employers to treat employees forty years of age or older based on their qualifications and job performance and not on their age. The Commission on Human Rights makes it unlawful for an employer to discharge an employee who is forty years of age or older because of his or her age. When defendant terminated plaintiff in 1987, she was 46 years of age, and her replacement was 37 years if age. Plaintiff contends defendant terminated her because of her age. Defendant denies this and claims plaintiff was terminated for reasons unrelated to age.

To establish age discrimination Plaintiff has the burden of proving one of the reasons she was terminated was because of her age, and that her age made a difference in Defendant's determination whether or not she would be discharged. Plaintiff need not show that age was the only factor on which Defendant acted, but she must prove that age was a determining factor that caused it to discharge her. A determining factor is one which made a difference in the credit union's decision.

To determine whether Plaintiff's age motivated Defendant to discharge her requires you to make several analyses of the evidence. During these analyses the burden of proof at all times remains on the plaintiff. In order to prevail,

Plaintiff must first prove by a preponderance of the evidence each of the following matters. (1) That she was within the protected age group, that is, between age 40 or over; (2) That she was discharged; (3) That she was qualified for the job she was performing before her discharge; (4) That she was replaced by a younger person. The Court instructs you that Plaintiff has proved each of these matters by undisputed evidence.

The second step involves analysis of the evidence concerning defendant's contention that it had a proper, non-discriminatory reason for its actions. If defendant fails to do this, you must rule in favor of plaintiff.

If you find that Defendant has produced credible evidence of a clearly explained, non-discriminatory reason for discharging Plaintiff the burden is upon Plaintiff to prove by a preponderance of the evidence that the reason offered by the Defendant was not its true reason. Plaintiff may do this in either of two ways (1) directly, by persuading you that a discriminatory reason more likely motivated Defendant, or (2) indirectly, by showing that Defendant's explanation is not credible or believable. If Plaintiff disproves the reason offered by Defendant by a preponderance of the evidence, then Defendant is presumed to have been motivated by discriminatory reasons.

the elements of a prima facie case for age discrimination, as follows: The plaintiff must prove that she was discharged, *that she was qualified for the position*, that she was in the protected class at the time of her discharge, that she was replaced by someone outside the protected class, or by someone younger or otherwise show that she was discharged because of age. *Bienkowski v. American Airlines*, 851 F.2d 1503, 1505 (5th Cir.1988).

■ We believe the elements of age discrimination in this case are the same as those articulated by the federal courts. For that reason, the charge, as given, was certainly inadequate to inform the jury of the proper burden of proof. This is not a simple negligence or contract case in which a broad question without much instruction suffices. Age discrimination cases are complex. A jury passing on one of these cases should be informed of the applicable burdens.

■ The only Texas case we have located discussing the charge in an age discrimination case is *Lakeway Land Co. v. Kizer*.[4] The jury found that Lakeway had discriminated against Kizer because of his age. The trial court, in *Lakeway*, seemed to follow Federal law. The court instructed the jury that they must first consider whether a prima facie case of discrimination had been proven: that Kizer was between the ages of forty and seventy years, that an adverse employment decision was made that affected him, and that the position was given to a person under the age of forty years.[5] If the jury found a prima facie case had been made, the jury was instructed then to determine whether appellant had stated a legitimate non-discriminatory reason for the employment decision. If the jury found that appellant stated a legitimate nondiscriminatory reason, they were to determine whether the reason proffered was a pretext for age discrimination. If the jury determined that appellant failed

to state a legitimate business reason or if it stated a legitimate reason that was simply a pretext, the jury was instructed to conclude that Kizer had been discriminated against because of age. In *Lakeway*, the trial court instructed that it was unlawful for an employer to discriminate against an employee because of age. Second, the court instructed that the plaintiff is not required to produce direct evidence of unlawful motive. The Austin court upheld the verdict of the jury.

We find that the jury in this case should have been instructed in the manner similar to *Lakeway*.

■ Our analysis of the charge does not stop with the determination that the charge, as given, was not sufficient. We must also review the propriety of Adams' requested instruction. The burden here was on Adams to submit instructions in substantially correct form. Tex.R.Civ.P. 278. Otherwise, any error of the trial court is not preserved.

Substantially correct does not mean it must be absolutely correct, nor does it mean one that is merely sufficient to call the matter to the attention of the trial court. *Placencio v. Allied Indus. Int'l, Inc.*, 724 S.W.2d 20, 21 (Tex.1987). It means that the requested instruction must be one that in substance and in the main is correct and that it is not affirmatively incorrect. *Id.*

■ We find that the instruction tendered by Adams was not substantially correct for several reasons. It made factual errors, such as the age of Adams' replacement. Primarily, however, the tendered instruction sought to have the trial court instruct a verdict that Adams had made a prima facie case. We believe this is affirmatively incorrect because the issue of whether she was qualified for her job was hotly disputed. In *Bienkowski*, the Fifth Circuit held that a plaintiff challenging ter-

---

**4.** 796 S.W.2d 820 (Tex.App.—Austin 1990, writ denied).

**5.** We disagree with the *Lakeway* Court that a plaintiff must prove that the person who replaced her was under 40 years of age. The

plaintiff must be replaced by someone outside the protected class, someone younger, or otherwise show that the discharge was because of age.

mination or demotion can ordinarily establish a prima facie case by showing that he continued to possess the necessary qualifications for his job *at the time of the adverse action.* *Id.* at 1506. The Court noted that this meant that the *plaintiff had not suffered physical disability* or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired. *Id.* at n. 3. In the case before us, there was testimony elicited that Adams was not physically able to perform her job at the time she was terminated. Thus, the requested instruction was affirmatively incorrect.

In sum, we agree that the charge as submitted was incorrect because it gave the jury no frame of reference with which to decide whether Adams was terminated because of her age in violation of the Texas Human Rights Act. However, we must hold that Adams' requested instruction was affirmatively incorrect, thereby failing to preserve the trial court's error. We overrule point one.

■ Adams argues in her third point of error that the trial court erred by refusing to submit a requested instruction to the jury about circumstantial evidence in connection with her discrimination cause of action. Adams cites only *Johnson v. Zurich General Accident and Liability Insurance Co.*[6] to support her point on the circumstantial evidence request. However, *Zurich* holds that in practically all cases some of the evidence is circumstantial. The Court stated that a jury surely understands its function is to make reasonable inferences from proven facts. *Id.* at 354. The Court specifically held that it was *not* reversible error to fail to charge the jury on circumstantial evidence. *Id.* This rule has been followed consistently. *See Daniels v. Southwestern Transp.*, 621 S.W.2d 188, 191 (Tex.App.—Texarkana 1981, writ ref'd n.r.e.); *DeLeon v. Otis Elevator Co.*, 610 S.W.2d 179, 182 (Tex.Civ.App.—San Antonio 1980, no writ). We find no error in the trial court's determination to exclude

the instruction. We overrule point of error number three.

By Adams' fourth point of error, she complains that the trial court erred in excluding the testimony of Minnie Trevino relating to Adams' claim of intentional or reckless infliction of emotional distress. The testimony presented by bill of exceptions was that Trevino noted that there was personal vindictiveness involving Adams' firing. Trevino testified basically that one of the Board members was scorned by Ms. Adams in a personal relationship. After that, the Board member referred to her in derogatory terms. According to Trevino, another board member had sought to institute policies within Valley Federal that would benefit him personally. Adams claimed that this testimony was evidence of extreme, outrageous, and intentional conduct.

The admission or exclusion of evidence is largely within the trial court's discretion. A trial court may even exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. Tex.R.Civ.Evid. 403.

■ The standard for reversibility for the improper exclusion of evidence is whether there was error which amounted to the denial of a parties' rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment or was such as probably prevented appellant from making a proper presentation of the evidence to the appellate court. Tex.R.App.P. 81(b)(1). In analyzing the rejected evidence we consider whether the jury could have rendered a different verdict had it been admitted and if it is highly probable that the exclusion would have had an effect on the jury's assessment of the entire case.

■ In examining the rest of the testimony, it is apparent that the majority of the Board had no vindictive intent. There was also no evidence that the other mem-

**6.** 205 S.W.2d 353 (Tex.1947).

bers were even aware of the relationship. Here, the evidence Adams sought to admit involved two Board members. There was no evidence that the Board member who wanted favorable policy decisions acted in any extreme or outrageous fashion. There was nothing to indicate that the behavior described by Trevino occurred in the Board's presence or with the Board's knowledge. It is also apparent that the rest of the Board, a majority, had no vindictive intent. There was no evidence that any of the activities, testified to by Trevino, were Board authorized. Rather, they were acts of individuals without Board approval. We find that the trial court was within its discretion to deny admission of the testimony. Even if the trial court erred in denying admission of the testimony, it is not probable that the excluded evidence would have had an effect on the jury's assessment of Adams' case. We overrule point four.

By cross-point, Valley Federal argues that the trial court erred in rendering judgment for Adams based on a breach of contract for compensatory time. Valley Federal states that Adams had no cause of action for breach of contract. Their argument, however, focuses on the fact that the conditions of her employment could be modified at any time. Valley Federal argues that Adams was an at will employee who continued in her position after the Board abolished compensatory time, thereby accepting the Board's position.

In an employment at will situation either party may impose modifications to the employment terms as a condition to continued employment. *Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986). Whether a contract is modified depends upon the parties' intent and is a question of fact. *Id.* Notice and acceptance of the change require the assent of both employer and employee. *Jennings v. Minco Technology, Inc.*, 765 S.W.2d 497, 499 (Tex.App.—Austin 1989, writ denied). The burden of proof is on the party asserting modification. *Hathaway v. General Mills, Inc.*, 711 S.W.2d at 229.

The evidence at trial was that in April 1985, the Board adopted a policy that all compensation time accumulated and used by administrative personnel be documented and that granting compensation time would be within the manager's discretion. On June 11, 1987, the Board voted to abolish compensation time for all management employees including Adams. At that time, Adams testified that she had accrued more than 600 hours of compensation time. After the Board's meeting, Adams returned to work very briefly and was terminated at a meeting of the Board on July 29, 1987, effective August 30, 1987. She did not return to work after the July 29th meeting.

We agree with Valley Federal that generally if an employee continues working, that employee may have accepted the changes as a matter of law. However, there was evidence here that Adams was in a unique situation. She was having health problems. She returned to work for an extremely short period of time before she was terminated. For most of the time after the Board had made its decision, she was not actually on the job. If Adams had returned to work full time, we believe that by returning, she would agreed only to the change in the compensation policy for the future. It in no way would reflect acquiescence to give up what she had already earned while the leave policy allowing compensation time was in effect. There was evidence from which the jury could have found that Valley Federal breached their contract with her and that she did not acquiesce to the change as a matter of law. We overrule the cross-point.

All points by all parties are overruled. We affirm the judgment of the trial court.