Amanda BAEHLER, Appellant,

v.

FRITZ INDUSTRIES, INC., Appellee.

No. 06–98–00163–CV.

Court of Appeals of Texas,
Texarkana.

Argued Feb. 26, 1999.

Decided March 24, 1999.

Rehearing Overruled April 20, 1999.

**182**

Monte Keith Hurst, John E. Wall, Jr., Law Offices of John E. Wall, Jr., Dallas, for appellant.

Matt W. Holley, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Amanda Baehler appeals the trial court's award of summary judgment in favor of Fritz Industries on her claim of pregnancy discrimination under the Texas Commission on Human Rights Act (TCHRA), TEX. LAB.CODE ANN. § 21.001, *et*

*seq.* (Vernon 1996 & Supp.1999). She brings two points of error, contending that the trial court erred in granting a summary judgment to Fritz because: 1) there are genuine issues of material fact as to whether her pregnancy was a motivating factor in the decision to terminate her employment; and 2) Fritz's proffered legitimate nondiscriminatory reason for terminating Baehler was unworthy of credence. We overrule her contentions and affirm the summary judgment.

Baehler began working for Fritz in August 1995 as a part-time clerical employee/receptionist. She became a full-time receptionist in September 1995. In March 1996, Baehler accepted the position of safety clerk, a newly-created full-time position. She worked in this position until her termination on January 10, 1997. In addition to her job duties as safety clerk, Baehler continued to perform general office duties, customer service duties, and receptionist duties. Baehler became pregnant in April 1996. Her pregnancy was common knowledge at Fritz by mid-May 1996.

In January 1997, the owner and president of Fritz decided to eliminate positions in the company to reduce costs and to make the operation more efficient. He instructed the office manager, Ellie Henry, to eliminate one office position. Baehler's position was eliminated. Henry believed that the safety clerk position did not warrant a full-time employee and that those duties could be performed by another employee. Henry stated that Baehler's pregnancy "had absolutely no part" in her decision to eliminate the safety clerk position. Baehler was terminated on January 10, 1997. Baehler's safety clerk duties were absorbed by Teresa Peterson, a customer service representative who had been employed with the company since 1980. In addition to Baehler, thirteen other employees were terminated as part of the downsizing.

To prevail on its motion for summary judgment, Fritz was required to prove there was no genuine issue as to any mate-

rial fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *see* TEX.R. CIV. P. 166a(c). When we review a summary judgment, we accept as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon,* 690 S.W.2d at 549. As the defendant, Fritz was entitled to summary judgment only if it conclusively negated at least one element of Baehler's cause of action or conclusively established all of the elements of an affirmative defense. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, an appellate court will affirm a summary judgment if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

■ Baehler filed suit alleging discrimination under Chapter 21 of the Labor Code. Section 21.051 provides that:

An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; . . . .

TEX. LAB.CODE ANN. § 21.051 (Vernon 1996). Section 21.106 of the Labor Code addresses sex discrimination in relation to pregnancy as follows:

(a) A provision in this chapter referring to discrimination because of sex or on the basis of sex includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.

(b) A woman affected by pregnancy, childbirth, or a related medical condition shall be treated for all purposes related to employment, including receipt of a benefit under a fringe benefit program, in the same manner as another individual not affected but similar in the individual's ability or inability to work.

TEX. LAB.CODE ANN. § 21.106 (Vernon 1996). When analyzing a claim under the TCHRA, we begin with its general purposes, as set forth in TEX. LAB.CODE ANN. § 21.001 (Vernon 1996). These purposes include correlation of state law with federal law in the area of discrimination in employment. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex. 1991). Accordingly, we may look to federal case law interpreting Title VII in determining the burden of proof under the TCHRA. *Id.*; *Farrington v. Sysco Food Servs., Inc.,* 865 S.W.2d 247, 251 (Tex.App.Houston [1st Dist.] 1993, writ denied).

■ In order to show a prima facie case of employment discrimination, the plaintiff must show 1) that she was a member of a protected class, 2) that she suffered an adverse employment action, and 3) that nonprotected class employees were not treated similarly. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801–03, 93 S.Ct. 1817, 36 L.Ed.2d 668, 677–78 (1973); *Herrin v. Newton Cent. Appraisal Dist.,* 687 F.Supp. 1072 (E.D.Tex.1987); *Farrington,* 865 S.W.2d at 251. Once the plaintiff has established a prima facie case, the burden of production shifts to the employer to articulate legitimate, nondiscriminatory reasons for any allegedly unequal treatment. *McDonnell Douglas,* 411 U.S. at 801–03, 93 S.Ct. 1817; *Farrington,* 865 S.W.2d at 251. If legitimate nondiscriminatory reasons are established by the employer, the burden then shifts back to the plaintiff to prove that the employer's articulated reasons are a pretext for unlawful discrimination. *McDonnell Douglas,* 411 U.S. at 803–05, 93 S.Ct. 1817; *Farrington,* 865 S.W.2d at 251. Even though the burden of production shifts, the burden of persuasion remains continuously with the

plaintiff. *McDonnell Douglas*, 411 U.S. at 803–05, 93 S.Ct. 1817; *Farrington*, 865 S.W.2d at 251. Subjective beliefs of discrimination alone are insufficient to establish a prima facie case. *Montgomery v. Trinity Indep. Sch. Dist.*, 809 F.2d 1058, 1061 (5th Cir.1987); *Farrington*, 865 S.W.2d at 251.

In its motion for summary judgment, Fritz asserted that Baehler failed to establish a prima facie case of pregnancy discrimination. Specifically, Fritz contended that Baehler failed to make a prima facie showing that she was replaced by an employee from a nonprotected class, in this case, a nonpregnant employee. Fritz asserted that the job duties which Baehler had been performing as a safety clerk were absorbed by another employee and the position itself was eliminated.

■ In her response to the motion for summary judgment and now on appeal, Baehler contends that she has met her prima facie burden because (1) the duties of safety clerk were given to a nonpregnant employee, and (2) Fritz retained three less senior employees in job areas in which Baehler was qualified to work and had worked in the past. Baehler contends that, when she was told that the company was downsizing, her supervisor, Jack Edwards, told her that Fritz was eliminating her position based on seniority. However, three nonpregnant employees who had less seniority than Baehler were retained in areas in which Baehler was qualified to work.

Fritz contends that, even if Baehler had made a prima facie showing of discrimination, she could not show that Fritz's articulated reason for terminating her was a pretext for discrimination. The evidence proffered by Fritz showed that thirteen other employees were terminated as a result of the downsizing. Also, Fritz showed that other employees had previously been pregnant, taken maternity leave, and returned to the company with no repercussions, including Teresa Peterson, the employee who took over the duties of safety clerk.

Baehler asserts that she defeats Fritz's articulated reason for terminating her employment because the reason is unworthy of credence. Baehler argues that in answers to interrogatories, Fritz swore that Baehler's employment was terminated because the "duties being performed by [Baehler] did not comprise a full-time job," and this position was selected for elimination and the duties were reallocated to a customer service representative. An answer to an interrogatory also states that Baehler was offered another job at the same rate of pay but that she declined it. Baehler contends this is not true, that she was never offered another full-time position or part-time position with Fritz after termination from the job of safety clerk.

■ Baehler is apparently arguing that this inconsistency shows that Fritz's explanation for Baehler's termination is untrustworthy. Whether or not Baehler was offered another position within the company is irrelevant to her claim of discrimination. The law does not require that a protected class member be offered another job, only that they be treated no differently than nonprotected class members.

Baehler failed to establish a prima facie showing that she was discriminated against due to her pregnancy. Fritz showed that Baehler's termination was a result of downsizing. Thirteen other employees, who were not pregnant, were also terminated. Fritz demonstrated that Baehler was not replaced, but her duties were absorbed by another employee and the position which Baehler had held was eliminated. Baehler failed to offer any evidence refuting this. Baehler failed to show that a member of a nonprotected class was treated differently than she.

■ Even if we assume that Baehler met her first burden and established a prima facie case of discrimination, Fritz has articulated a legitimate nondiscriminatory reason for terminating Baehler which

satisfies Fritz's burden of production. Fritz offered evidence that the company sought to reduce its workforce in order to reduce costs and operate more efficiently. In pursuit of these goals, the company released several employees.

The burden then shifts back to Baehler to show that Fritz's articulated nondiscriminatory reason is a pretext for discrimination. Baehler must show that the reason articulated was false *and* there was actual discrimination by Fritz. Baehler offers no evidence that the reason articulated was false or that there was actual discrimination. Aside from Baehler's contention that she was told that Fritz was downsizing and eliminating her position based on seniority and that other employees with less seniority were retained, there is no evidence to show that a seniority system was used in making these types of decisions or that such a system was circumvented in order to terminate Baehler. Fritz also produced summary judgment evidence that previous female employees had taken maternity leave and returned to work.

From the evidence presented, Baehler failed to carry the burden of proving the elements of a prima facie case of discrimination. Fritz responded with a legitimate nondiscriminatory reason for the termination. Baehler failed to create a genuine issue of material fact to prove that Fritz's reason is a pretext for discrimination. Baehler has failed to support her claim, and the trial court's ruling on Fritz's motion for summary judgment is affirmed.