NUMBER 13-01-868-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG




MARK BRAUER, Appellant,

v.


TEXAS A&M UNIVERSITY, KINGSVILLE, Appellee.




On appeal from the 105th District Court


of Kleberg County, Texas.






 MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Chief Justice Valdez 


 This is an employment discrimination case. Appellant, Mark Brauer, brought suit
against appellee, Texas A & M University, Kingsville ("University"), alleging that
appellee denied him tenure and terminated him due to his age and religion. The trial
court granted summary judgment in favor of appellee, and this appeal ensued. By one
issue, appellant contends that the trial court erred in granting appellee's motion for
summary judgment and erred in dismissing appellant's claims of religious
discrimination. (1) We affirm.

Background


 This is a memorandum opinion. See Tex. R. App. P. 47.4. The parties are
familiar with the factual and procedural background underlying this appeal; therefore,
we will not recite the details herein except as necessary to advise the parties of the
Court's decision and the basic reasons for the decision. See id. 

 Standard of Review


 In a summary judgment, the movant has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. 
Am.Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true. Id. Every reasonable inference must
be indulged in favor of the nonmovant, and any doubts must be resolved in favor of
the nonmovant. Id. 

Religious Discrimination Claim


 In discrimination cases that have not been fully tried on the merits, Texas courts
apply the McDonnell Douglas or Burdine burden-shifting analysis established by the
United States Supreme Court. See Reeves v. Sanderson Plumbing Prods., Inc., 530
U.S. 133, 142 (2000) (discussing McDonnell Douglas Corp. v. Green, 411 U.S. 729,
802-03 (1973) and Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53
(1981)); M. D. Anderson Hosp. v. Willrich, 28 S.W.3d 22, 24 (Tex. 2000) (per
curiam); Tex. Dept. of Human Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995).

 Under this burden-shifting analysis, the plaintiff has the initial burden of proving
a prima facie case of discrimination by a preponderance of the evidence. Stanley
Stores, Inc. v. Chavana, 909 S.W.2d 554, 559 (Tex. App.-Corpus Christi 1995, writ
denied); Adams v. Valley Fed. Credit Union, 848 S.W.2d 182, 186 (Tex. App.-Corpus
Christi 1992, writ denied). In a circumstantial discrimination case, a plaintiff must
establish a prima facie case of discrimination by showing (1) he was a member of a
protected class, (2) he suffered an adverse employment action, and (3) non-protected
employees were not treated similarly. See Greathouse v. Alvin Indep. Sch. Dist., 17
S.W.3d 419, 423 (Tex. App.-Houston [1st Dist.] 2000, no pet.). 

 For an accommodation-type case of religious discrimination, an employee must
establish a prima facie case by showing that (1) he has a bona fide religious belief that
conflicts with an employment requirement, (2) he informed the employer of this belief,
and (3) he suffered an adverse consequence for failure to comply with the conflicting
employment requirement. Grant v. Joe Myers Toyota, Inc., 11 S.W.3d 419, 422-23
(Tex. App.-Houston [14th Dist.] 2000, no pet.) (citing Ansonia Bd. of Educ. v.
Philbrook, 479 U.S. 60, 73 (1986)). 

 If the plaintiff succeeds in proving a prima facie case, the burden shifts to the
defendant to articulate some legitimate, nondiscriminatory reason for the employee's
discharge, Stanley Stores, 909 S.W.2d at 560; Adams, 848 S.W.2d at 187-88, or to
show that it could not accommodate the plaintiff's religious beliefs without undue
hardship. Grant, 11 S.W.3d at 423. If the defendant carries this burden, the plaintiff
must then prove by a preponderance of the evidence that the legitimate reasons
offered by the defendant were not its true reasons, but were rather a pretext for
discrimination. Stanley Stores, 909 S.W.2d at 560; Adams, 848 S.W.2d at 187-88. 
Despite the shifting burden of proof, the plaintiff at all times retains the ultimate
burden of persuading the trier of fact. Stanley Stores, 909 S.W.2d at 560; Adams,
848 S.W.2d at 187-88.

Discrimination


 In the instant case, the record is clear that Brauer is Jewish and his tenure track
position was terminated by the University. By affidavit, Brauer asserts that he was
replaced by a younger, non-Jewish instructor. Brauer further testified that he was "the
only Jewish member of the department of which [Brauer's supervisor] was aware
during the twelve years he was the chair," and that he was the only member of the
tenure-tracked faculty not granted tenure during those twelve years. 

 Brauer further points to several items in the record to support his claim of
discrimination. He asserts that he was the only Jewish member of a predominately
Arab or Muslim department, and his religious beliefs caused him to be subjected to a
hostile workplace. According to Brauer, a Muslim colleague told students that he was
not qualified to teach, and consequently, Brauer was unable to obtain graduate
students, graduate aids, or maquiladora students. Brauer also claims that he was
forced to teach a maquiladora class on Saturday, his religious Sabbath, despite the fact
that the University accommodated Muslim students with their religious holiday of
Ramadan. Brauer further points to comments allegedly made by a supervisor to the
effect that he would never get tenure because someone was "poisoning the well," and
that the supervisor had been asked to build a "shit list" on Brauer. Brauer claims that
he repeatedly sought assistance from his supervisor regarding these issues, but
received none. Brauer further alleges that he was forced to teach operations research
and statistics classes even though he had informed the University when he was hired
that "those were not his areas of study." 

 Assuming without deciding that Brauer established a prima facie case of
discrimination, we conclude that the record establishes legitimate, non-discriminatory
reasons for Brauer's termination and alleged unequal treatment. 

 As an initial matter, the only specific claim of religious discrimination made by
Brauer is that he was forced to teach maquiladora students on Fridays and Saturdays,
his religious Sabbath. However, Brauer's own deposition testimony establishes that
he offered to teach in the maquiladora program knowing that the classes were taught
on Saturday, and that Saturday classes were required because the students worked
in the maquiladora industry during the work week. Brauer further admitted that the
entire program would have to be reorganized if Friday and Saturday classes were to
be eliminated. In short, the summary judgment evidence shows that Brauer
volunteered to teach the very classes about which he is complaining. 

 Moreover, although Brauer asserts that he was fully qualified to teach and
performed successfully while at the University, the summary judgment evidence shows
that the University had a legitimate, non-discriminatory reason for terminating Brauer.
Brauer claims that his first two tenure evaluations in 1995 and 1996 were favorable,
and points to several accomplishments while employed by the University, including
developing a Systems Safety Engineering Course for the College of Engineering,
implementing specific projects with various businesses, founding the local chapter of
a national industrial engineering society, and writing and presenting papers annually
at the Department of Defense Human Factors Engineering Technical Advisory Group. 
 However, the summary judgment evidence indicates that both Brauer's 1995
and 1996 tenure evaluations include suggestions for improvement. Further evidence
indicates that, in the fall of 1996, nine students wrote and signed a letter complaining
about Brauer's poor teaching and lack of qualifications and requested his removal from
their course. On October 7, 1996, one of those students wrote a long and detailed
letter regarding Brauer's teaching, requesting a response to the earlier letter and again
requesting that Brauer be replaced. A co-worker observed several of Brauer's classes
in the Fall of 1996 and Spring of 1997 and concluded, essentially, that Brauer was not
teaching or applying the required subjects. In 1997, Brauer's supervisor concluded
that "The Department of Mechanical and Industrial Engineering finds your performance
both unsatisfactory and unacceptable" based on Brauer's response to a request for
submitted materials:

 As a result of very strong, focused input from graduate students in Fall
1996, you were removed from teaching IEEN 5335, and given required
course teaching preparation and related activities to prepare for the
Spring 1997 Semester. It was requested in my memorandum of 17
November that this material be submitted by 16 December 1996 for
review by myself and Dean Compton.


 The material you provided me on 13 January (28 days after the
requested material was due) is unsatisfactory. Your syllabi in general
show little evidence of being updated-1994 instead of 1997 on one,
office hours on another specified as being by appointment. A complete
set of lecture notes was requested, and nothing was turned in for
this-neither notes per se, nor xeroxed copies of marked up text pages
which you say you use and lecture from, nor any written explanation
addressing this item. In what you gave me I also can find no set of
homework problems and no course projects, much less any evidence of
anything addressing the use of technology.


 In general your performance in satisfying what was requested in my 17
November memorandum has been abysmal. This situation looks like
something you have not taken very seriously. The material submitted
appears superficial and casually thrown together over the weekend
preceding 13 January. What you submitted raises [pertinent] questions
with respect to your preparedness to teach courses at the undergraduate,
much less the graduate levels in IEEN.


 The Department of Mechanical and Industrial Engineering finds your
performance both unsatisfactory and unacceptable. 


In March of 1997, the tenure committee recommended that Brauer's probationary
period be discontinued. 

 Although Brauer testified that he believed that he was terminated due to his
religious beliefs, we conclude that Brauer did not meet his burden to produce any
evidence demonstrating that the grounds for which he was terminated were pretextual
of discrimination. Baehler v. Fritz Indus. Inc., 993 S.W.2d 181, 183 (Tex. App.-
Texarkana 1999, no pet.). The evidence, taken as a whole, does not show that the
University's stated reason for terminating Brauer was pretextual. 

 The trial court properly granted the University's motion for summary judgment. 
The judgment of the trial court is affirmed. 

 

 

 

 Rogelio Valdez,

 Chief Justice


 

Opinion delivered and filed

this 23rd day of October, 2003.

 











1. On appeal, appellant raises no issues and provides no argument regarding the propriety of
summary judgment based on his claims of age discrimination. We conclude that appellant has
abandoned or waived this issue on appeal. See Tex. R. App. P. 38.1(h); General Serv. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 598 n.1 (Tex. 2001). To the extent that appellant may have
nevertheless intended to raise this issue on appeal, we note that appellant failed to adduce any summary
judgment evidence regarding his age, and thus, summary judgment was properly granted on this ground. 
See, e.g., Russo v. Smith Int'l Inc., 93 S.W.3d 428, 435 (Tex. App.-Houston [14th Dist.] 2002, pet.
denied) (discussing age requirement for proof that plaintiff is within protected class).