NUMBER 13-03-00357-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

KAY KING,                                                                                        Appellant,

 

                                                             v.

 

LEONARD P. GIETZ, M.D., D/B/A

REGIONAL MEDICAL LABORATORY,                                            Appellee.

 

    On appeal from the 267th District Court of Victoria County,
Texas.

 

                       MEMORANDUM OPINION

 

                Before Justices Hinojosa, Yañez,
and Castillo

                         Memorandum
Opinion by Justice Hinojosa

 

This is an employment discrimination
case.  In four issues, appellant, Kay
King, contends the trial court erred in granting the motion for summary
judgment of appellee, Leonard P. Gietz, M.D. d/b/a Regional Medical
Laboratory.  We affirm.








                                A.  Factual
and Procedural Background

King began working for Regional Medical
Laboratory in January 1973 as a cytotechnologist.  At the time she was hired, King was
thirty-one years old and walked with the aid of crutches and braces because she
suffered from polio as a child.

In 1981, Dr. Gietz purchased Regional
Medical Laboratory and continued to employ King as a cytotechnologist until
March 10, 1999, when he terminated her employment.  King filed a complaint with the Texas
Commission on Human Rights, which issued a right-to-sue letter.  King then sued Dr. Gietz under the Texas
Commission on Human Rights Act (ATCHRA@), alleging that she was terminated because
of her age and/or disability.

Dr. Gietz filed a traditional and
no-evidence motion for summary judgment asserting that (1) King could not
produce any evidence of a causal connection between her age and/or disability
and her termination, (2) King could not establish that Dr. Gietz=s reason for terminating her was false, and
(3) Dr. Gietz was entitled to a presumption of no discrimination because he
both hired and fired King.  The trial
court granted the motion, and this appeal ensued.

                                                     B.  Standard
of Review








In a traditional motion for summary
judgment, the movant has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law.  Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997).  In deciding
whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the nonmovant will be taken as true.  Id. 
Every reasonable inference must be indulged in favor of the nonmovant,
and any doubts must be resolved in favor of the nonmovant.  Id. 
In contrast, in a no‑evidence motion for summary judgment, the
nonmovant must bring forth more than a scintilla of probative evidence to raise
a genuine issue of material fact as to the challenged element.  Zapata v. The Children's Clinic, 997
S.W.2d 745, 747 (Tex. App.BCorpus Christi 1999, no pet.).

                                               1.  No Evidence Attached to Motion

In her first issue, King contends the trial
court erred in considering Dr. Gietz=s traditional motion for summary judgment
because he failed to attach any evidence to his motion.  We note that King attached most of the
deposition excerpts referenced in Dr. Gietz=s motion to her response to the motion.

Nevertheless, King did not raise this
objection before the trial court, either orally or in her written
response.  Accordingly, we conclude that
King waived this issue.  See Tex. R. App. P. 33.1; City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675 (Tex. 1979)
(appellate courts will not consider any issues as grounds for reversal that
were not presented to trial court by written response).  King=s first issue is overruled.

                                    2.  No Evidence Motion for Summary Judgment








In her second issue, King complains that Dr.
Gietz argued that her claim fails because of the absence of an element in an
employment discrimination case that does not exist under the TCHRA.  King contends Dr. Gietz argued that King had
no evidence of a Acausal connection@ between her disability and/or age and her
termination.  However, King was not
required to show that she was terminated because of her disability and/or age;
she only needed to show that her disability and/or age was a motivating factor
for her termination.  See Quantum
Chem. Corp. v. Toennies, 47 S.W.3d 473, 479-80 (Tex. 2001).  Dr. Gietz concedes that King is correct
regarding the appropriate elements of her claims.  Accordingly, King=s second issue is sustained.

                                      3.  Traditional Motion for Summary Judgment

In her third issue, King contends she
produced sufficient evidence to raise a genuine issue of material fact on her
claim that Dr. Gietz=s stated reason for terminating her
employment was nothing but a pretext for discrimination.

Under the TCHRA, an employer may not
discriminate against its employees because of age or disability.  See Tex.
Lab. Code Ann. ' 21.051(1) (Vernon 1996).  In discrimination cases, Texas courts apply
the McDonnell Douglas/Burdine burden‑shifting analysis
established by the United States Supreme Court. 
See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141‑42
(2000) (discussing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802‑03
(1973) and Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252‑53
(1981)); M. D. Anderson Hosp. v. Willrich, 28 S.W.3d 22, 24 (Tex. 2000)
(per curiam); Tex. Dep=t of Human Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995).  Under this burden‑shifting analysis,
the plaintiff has the initial burden of proving a prima facie case of
discrimination by a preponderance of the evidence.  Stanley Stores, Inc. v. Chavana, 909
S.W.2d 554, 559 (Tex. App.BCorpus Christi 1995, writ denied); Adams
v. Valley Fed. Credit Union, 848 S.W.2d 182, 186 (Tex. App.BCorpus Christi 1992, writ denied).  








If the plaintiff succeeds in proving a prima
facie case, the burden shifts to the defendant to articulate some legitimate,
nondiscriminatory reason for the employee's discharge.  Stanley Stores, 909 S.W.2d at 560; Adams,
848 S.W.2d at 187‑88.  If the
defendant carries this burden, the plaintiff must then prove by a preponderance
of the evidence that the legitimate reasons offered by the defendant were not
its true reasons, but were rather a pretext for discrimination.  Stanley Stores, 909 S.W.2d at 560; Adams,
848 S.W.2d at 187‑88.  To show
pretext, a plaintiff must provide evidence showing that (1) the asserted reason
was false and (2) discrimination was the actual motivation.  See St. Mary's Honor Ctr. v. Hicks,
509 U.S. 502, 515 (1993).  Despite the
shifting burden of proof, the plaintiff at all times retains the ultimate
burden of persuading the trier of fact.  Stanley
Stores, 909 S.W.2d at 560; Adams, 848 S.W.2d at 187‑88.

Under this burden-shifting framework, it is
undisputed that (1) King established her prima facie case and (2) Dr. Gietz
satisfied his burden by offering his loss of faith in King=s abilities due to mistakes as a legitimate,
nondiscriminatory reason for her termination. 
The only element about which King could raise a genuine issue of
material fact, then, is whether Dr. Gietz=s offered reason was legitimate or a mere
pretext for the true, discriminatory motive.

To establish a fact question on the issue of
pretext, the non‑movant must present evidence indicating that (1) the non‑discriminatory
reason given by the employer is false or not credible, and (2) the real reason
for the employment action was unlawful discrimination. Elgaghil v. Tarrant
County Junior College, 45 S.W.3d 133, 140 (Tex. App.BFort Worth 2000, pet. denied).  A plaintiff can avoid summary judgment on
this element if the evidence, taken as a whole, creates a fact issue as to
whether each of the employer's stated reasons (1) was not what actually
motivated the employer and (2) creates a reasonable inference that age and/or
disability was a determinative factor in the actions the plaintiff now
complains about. Id.; see Grimes v. Tex. Dep't of Mental Health and Mental
Retardation, 102 F.3d 137, 141 (5th Cir. 1996).








In an attempt to satisfy this burden, King
argues that the reason given by Dr. Gietz for her termination is false because
(1) he  failed to document the mistakes
allegedly made by her, (2) specific mistakes advanced as the reason for her
termination were not made by her but by lab pathologists, (3) he gave her a
glowing letter of recommendation, (4) he never gave her any written or oral
reprimands, (5) he enlisted her to draft the Quality Assurance Program for the
lab, and (6) he informed a potential employer that she was a very good
employee.  However, this evidence only
addresses the first prong of establishing a fact question on pretext, i.e.
whether the reason offered by Dr. Gietz was false.

King failed to produce any affirmative proof
of age and/or disability discrimination by Dr. Gietz, and nothing in the
summary judgment evidence creates a reasonable inference that age and/or
disability was a motivating factor for her termination.  Because she did not produce any evidence to
establish a fact issue with respect to the second prong of the pretextual
nature of Dr. Gietz=s reason for terminating her, we overrule
King=s third issue.

In her fourth issue, King contends that Dr.
Gietz should not be accorded the Asame actor@ presumption that he did not discriminate
against her.  However, in light of our
disposition, it is unnecessary to address this issue.  See
Tex. R.
App. P. 47.1.

The trial court=s order granting Dr. Gietz=s motion for summary judgment is affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed

this
the 31st day of October, 2005.